CHARLES S. FRENCH

v.

JULIUS WILLER.

*Filed at Ottawa November 15, 1888.*

126 611
165 360

126 611
88a 421

126 611
95a 6454

1. FORCIBLE ENTRY AND DETAINER—*pursuing the statute, essential to jurisdiction—conditions to be observed.* The action of forcible entry and detainer, or forcible detainer, being a special statutory proceeding, summary in its nature, and in derogation of the common law, it follows that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be *coram non judice.*

2. In forcible detainer, a demand for possession is required to be made upon the tenant before the commencement of the action, a complaint in writing must be made before the summons issues, service of the summons must be made in a manner different from that in other actions at law, and no writ of restitution shall be issued until the expiration of five days after judgment. These provisions can not be changed by the contract of the parties.

3. CONFESSION OF JUDGMENT—*warrant of attorney—of its proper office and effect.* A warrant of attorney to confess judgment for a debt, authorizes the attorney therein named to appear for the defendant and receive a declaration in an action for the debt, and to confess the action, or suffer judgment by *nil dicit*, or otherwise, to pass. It is generally prospective security for a debt not due when it is given.

4. SAME—*cognovit—difference between it and warrant of attorney.* A *cognovit actionem*, at common law, is not an authority given before the action is brought, but is a confession signed by the defendant after the process has issued, authorizing the plaintiff to take judgment and issue execution for a sum named.

5. SAME—*whether allowable—in cases of tort—forcible detainer.* The practice of entering judgment by confession upon warrant of attorney, without process, in actions for tort, is not allowed by the common law. It is allowed only in respect to debts.

6. A judgment entered by confession under a power of attorney and *cognovit* in a forcible detainer suit, is unauthorized by law, and void. In such case, the court acquires no jurisdiction of the person of the defendant by the filing of the *cognovit* in pursuance of a warrant of attorney contained in the lease under which the defendant entered.

7. A confession of judgment upon a warrant of attorney, in an action of forcible detainer, in a court of record, is as irregular and unauthor-

ized as it would be in a justice's court. Such court of record does not proceed, in forcible detainer, by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is to be treated as a court of special and limited jurisdiction.

8. STATUTORY REMEDY—*whether exclusive.* Where the legislature has prescribed a remedy for the party aggrieved, and the mode of procedure, all other remedies and modes of procedure are excluded, and the parties can not, by contract, substitute other and different ones. And this applies to summary statutory proceedings in courts of record.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

In this case, the appellant filed in the Superior Court of Cook county his complaint in an action of forcible detainer, verified by affidavit, alleging that he was entitled to the possession of certain premises in Cook county, and that the appellee unlawfully withheld the possession thereof from him. Accompanying the complaint was an affidavit of the appellant stating, in substance, that the appellee was unlawfully holding said premises after the expiration of a certain lease of the same to him from the Connecticut Mutual Life Insurance Company and after demand of possession, and that the appellant was the assignee of the reversion. There was also filed with the complaint a certain lease from said insurance company to the appellee, demising to him said premises for a term which had then expired, the execution of said lease by the appellee being duly proved by affidavit, said lease containing, among other things, a covenant on the part of the lessees to surrender possession of the demised premises to the lessor or its assigns at the expiration of the term, and also a warrant of attorney authorizing any attorney of any court of record, for the lessee and in his name and stead, to appear in any court of record, at any time after default or failure by the appellee in the performance of any of the covenants of the

lease, to waive the issuing and service of process, and to file a *cognovit* and confession of judgment for the possession of the whole of the demised premises, and for costs of suit, in an action of forcible entry and detainer or forcible detainer, in favor of the lessor, its successors and assigns, and against the lessee, and a waiver and release in writing of all errors in entering such action and judgment, and a consent in writing that a writ of restitution might be issued and executed immediately, the lessee expressly agreeing to release all errors and defects whatever in entering such action or judgment, or any proceeding therein enforcing or concerning the same. There was also filed a *cognovit*, in accordance with the terms of the warrant of attorney, confessing judgment in favor of the appellant and against the appellee, for the possession of said premises, in an action of forcible detainer, and consenting to the immediate issuing and execution of a writ of restitution, and waiving and releasing all errors that might intervene in the entry of the judgment or the issuing or execution of said writ.

Upon the filing of said papers in the Superior Court, judgment was entered in favor of the appellant and against the appellee, for the possession of said premises and for costs, and the writ of restitution was immediately issued. The appellee thereupon entered his motion to quash said writ and to vacate said judgment, and introduced and offered certain evidence in support of said motion, but said motion was overruled by the court. The Appellate Court, on appeal, reversed said judgment without remanding the cause for further proceedings, and awarded to the appellant a certificate that the case involved questions of law of such importance, on account of principal and collateral interests, that it should be passed upon by this court, and the appellant brings the record here by appeal. The Appellate Court, in deciding the case, filed the following opinion:

MORAN, P. J.—"The complaint filed in the court below contained allegations sufficient to entitle appellee to the remedy sought under the forcible entry and detainer act. In this respect this case differs from the case of *Burns* v. *Nash,* decided by this court. 23 Ill. App. 552. The sole question for us to determine on the record is, whether the Superior Court obtained jurisdiction of the person of the appellant, by means of the filing of the *cognovit* in pursuance of the warrant of attorney contained in the lease.

"It is contended by counsel for appellee that a warrant of attorney to confess judgment is a familiar common law security, and cases are cited which it is asserted show, that it was the practice at common law to enter judgments in ejectment upon confession under a warrant of attorney, and that the practice has also obtained in Pennsylvania, and been sustained by the Supreme Court of that State. There is some misapprehension as to the practice at common law. There were at common law, besides the judgment by default, two methods of obtaining judgment without trial. One by a confession of judgment under a warrant of attorney, and the other upon a *cognovit actionem,* signed by the defendant in the action.

"The warrant of attorney authorized the attorney named therein to appear for the defendant and receive a declaration in an action for debt, and to confess the action or suffer judgment by *nil dicit,* or otherwise, to pass. 'A warrant of attorney' says Chitty, 'is more frequently given independently of any action, and very generally is prospective security, and although at the time it is executed, nothing is due from the party. It is in that respect a convenient collateral security to bankers and others, in consideration of their agreeing to make pecuniary advances, or to suffer a customer to overdraw his account.' 3 Chitty Gen. Prac. 669.

"The *cognovit actionem* was not an authority given before the action commenced, but was a confession signed by the defendant after the process was issued. 'When a writ has

already been issued against a defendant, a *cognovit actionem,* or, in other words, a written confession of the action subscribed by the defendant but not sealed, and authorizing the plaintiff to sign judgment and issue execution for a named sum, is a very usual mode of saving the expenses of further proceedings in the action.' 3 Chitty Gen. Prac. 664. Now two at least of the cases cited by counsel to show that confession of judgment was permitted in ejectment are cases in which the judgments were entered on a *cognovit actionem.*

"In *Doe dem. Locke* v. *Franklin,* 7 Taunton, 9, the plaintiff obtained from the defendants in possession a *cognovit* of the action, and a *retraxit* of the plea, so that not only was there no warrant of attorney to appear and confess, but the defendants who did confess the action were already in court by service of process, and also by plea filed. *Doe dem. Rees* v. *Howell,* 12 Adolph. & Ellis, 696, was also a case where the defendant signed a *cognovit* confessing the action. These cases give no support to the contention that a warrant of attorney to appear and confess judgment was a recognized mode of procedure in ejectment at common law.

"*Kingston* v. *Kingston,* 1 Dow. N. S. 263, appears to have been a rule *nisi* to set aside a judgment entered upon a warrant of attorney in an action of ejectment, for the reason that there was no attestation clause to the warrant of attorney in conformity with the statute then recently enacted. PATTESON, J., held that the statute had no application to actions in ejectment, and in that was clearly wrong, as the same statute was held applicable to actions of ejectment in *Doe dem. Rees* v. *Howell, supra,* where the question was decided by four of the judges of the court of King's Bench. The point as to the right to enter the judgment under a warrant of attorney was not raised in the case, but the implication that it was a recognized practice which might be drawn from the fact that the point was not made is negatived in the subsequent case of *Beaumont* v. *Beaumont,* 2 Dow. N. S. 972, where, in moving for leave to

enter a judgment on a warrant of attorney authorizing the landlord to sign judgment in ejectment upon the determination of the tenancy by notice to quit, counsel admitted that no case of a similar description was to be found in the books, but contended that there could be no objection to such a warrant of attorney. COLERIDGE, J., said, 'If a party enters into such an agreement, I see no reason why it should not be enforced,' but for lack of a sufficient affidavit no judgment was entered in the case, and therefore it is no precedent, but it shows that as late as 1843, no such practice had obtained in England. The fact that no reference to such a method of proceeding in ejectment is found in works on common law practice (so far as we have been able to examine), goes to show pretty conclusively that such a practice was unknown to the courts and to the profession.

"It appears from the cases in Pennsylvania that there is known in that State a practice of entering what are termed amicable actions, and that such actions and judgments by confession in them may be entered by the court on agreement by the parties. *McCalmont* v. *City of Philadelphia*, 13 S. & R. 190 ; *Cook* v. *Gilbert*, 8 id. 567. In *Flanegan* v. *City of Philadelphia*, 51 Pa. St. 491, the lease provided that it might be terminated on the violation of any covenant, by a notice of five days, and that on such termination, any attorney might sign an agreement for entering an amicable action in ejectment against the lessee. Such an action was entered and judgment confessed, and on motion to set it aside on the ground that it was not entered in compliance with a rule of court governing the entry of judgments on warrants of attorney, the court said : 'It nowhere appears in this record that the confession by the attorney of the defendant was in pursuance of a warrant of attorney. The amicable action and confession of judgment is according to ancient and established practice existing before the act of 1806, as well as since.'

"The practice seems to be peculiar to the State of Pennsylvania, at least our attention has not been called to a similar practice elsewhere. We do not think it can be regarded as establishing the proposition that the practice of confessing judgment upon warrant of attorney and without process having been issued, obtained at common law in actions of ejectment. In *Secrist* v. *Zimmerman,* 55 Pa. St. 446, cited by counsel, there was no warrant of attorney, and no question of a confession on a warrant of attorney made or decided in the case. The action of ejectment was brought against the defendant for the land, and a year after its commencement the defendant confessed judgment to the plaintiff for the land in dispute and costs. The court held the judgment conclusive as to the parties and their privies, on the ground that the most important interests, not only of property and liberty, but of life itself, are habitually concluded, judicially, by solemn confession made by the party in interest in the face of a court of justice. The confession of which the court is speaking in that case was made in open court, in the face of the court after service of process, and it has never been doubted that such a confession would authorize the judgment, and probably no one would say that such a confession would not be good in a forcible detainer case.

"An examination of all the cases counsel have been able to find seems to us to confirm what was said by this court in. *Burns* v. *Nash, supra,* that 'the practice of entering judgment by confession upon warrant of attorney, without process, in actions of tort, did not obtain, and there is no precedent for it at common law.'

"The practice of entering judgments in debt on warrants of attorney is very old, so old that the date of its origin is unknown. Chitty says: 'How or when this peculiar security for a debt authorizing a creditor, as it were *per saltum,* to sign a judgment and issue execution, without even issuing a writ, was first invented, does not appear, but it has now become

one of the most usual collateral securities on loans of money or contracts to pay an annuity and for debts, but usually accompanied with some other deed or security.' 2 Gen. Prac. 334.

"It was early found that unconscionable advantage was taken of debtors by creditors by means of such warrants of attorney, obtained when the debt was incurred, and when the debtor was hopeful, and executed with harshness against him in the hour of his distress, and the courts were compelled to prescribe rules, and parliament to enact statutes, to limit the operation of such warrants, and restrain the injustice to which the use of them frequently gave rise.

"But if it were established that confessions of judgments upon warrants of attorney obtained as a practice at common law in an action of ejectment or in other actions in form of tort, it would not authorize the practice in an action of forcible entry and detainer under the law of this State. This action is a special statutory proceeding, summary in its nature, and in derogation of the common law, and it is a rule of universal application in such actions, that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be *coram non judice* and void. *Davis* v. *Davis*, 115 Pa. St. 261; *Burns* v. *Nash, supra,* and cases there cited.

"While forcible entry and detainer is a civil proceeding for restitution, it is based upon, and has by modern legislation been evolved from the English forcible entry and detainer, which was a criminal proceeding merely. Ejectment, from its slow progress, was an inadequate remedy to a landlord, and the legislature provided the summary remedy by which a speedy recovery of possession may be secured, but to prevent hasty action and to secure tenants and their families from the danger and inconvenience of being forcibly ejected without notice and reasonable time for preparation, certain safeguards were provided by the statute. A demand for possession is required to be made upon the tenant before the commence-

ment of the action, a complaint in writing must be filed before summons issues, service of the summons is to be made in a manner different from the service in other actions at law, and if judgment is rendered against the tenant, the statute provides that 'no writ of restitution shall be issued in any case until the expiration of five days.' There is in the statute a policy discoverable, as was said by Mr. Justice McALLISTER in *Burns* v. *Nash*, 'based upon humane considerations of oppression and hardships which might ensue, if families in any kind of weather, and at any time of day or night, be forcibly ejected from their homes with all their effects, without notice or warning,' which forbids the conclusion that a landlord, by exacting from his tenant a power of attorney in his lease, can obtain the right to an immediate judgment without having demanded possession or having process issued or served, and to an immediate writ of restitution, and to avail himself of the remedy against his tenant furnished by a statute, every provision of which with reference to procedure, he has set aside by contract, and thus to proceed to the ejection of the occupants and the recovery of possession, 'by leaps,' as the creditor was enabled by a similar warrant to sign judgment and issue execution against his debtor at common law, without affording an opportunity to the tenant of raising any objection or making any defense. What wrong might be perpetrated, were such a practice to be established, is illustrated by the operation of the 'amicable ejectment' proceeding in Pennsylvania, as shown in *Grossman's Appeal*, 102 Pa. St. 137, where after the death of the lessee and the acceptance of a month's rent in advance from the widow, and before the expiration of the month, the landlord, on an unfounded rumor that the widow had assigned the lease, and thus broken the covenant against assignment, confessed a judgment against the dead man under the terms of the lease, and without previous notice of the judgment or execution, the widow and heirs were dis-

possessed 'at the early hour of eight o'clock in the morning in February.'

"Whatever may be thought of the public policy of such a practice, it can not be engrafted upon our forcible detainer proceeding without the consent of the Legislature. The act provides a new remedy, and the course of procedure to obtain it, and no remedy or mode of procedure can be pursued, except that directed by the act. 'If the act has prescribed the remedy for the party aggrieved, and the mode of prosecution, all other remedies and modes are excluded.' *Millar* v. *Taylor*, 4 Burr. 23, 24; *Smith* v. *Lockwood*, 13 Barb. 217.

"Parties can not by their contracts vary the procedure in courts of justice prescribed by the statute. This was expressly decided by the Supreme Court of Iowa in a case which we consider in point, and decisive of the question under consideration. A judgment was entered up in the District Court under a warrant of attorney in a judgment note made in Pennsylvania, which authorized any attorney in any court of record within the United States, to confess judgment against the maker of the note. A petition was filed by the maker of the note to have the judgment declared void, and the court so ordered. On appeal the Supreme Court said: 'It is claimed by appellant that the principles of the common law authorizing a warrant of attorney to confess judgment are in force in this State, and that the provisions of our code respecting the recovery of judgment by action are merely cumulative. We do not think this position is correct. The whole subject of recovery and rendition of judgment is fully reviewed in the code, and the course to be pursued in obtaining judgment is specifically pointed out. * * * A confession of judgment pertains to the remedy. A party seeking to enforce here a contract made in another State must do so in accordance with the laws of the State. Parties can not by contract made in another State engraft upon our procedure here remedies which

our laws do not contemplate nor authorize.' *Hamilton* v. *Schoenberger,* 47 Iowa, 385.

"*A fortiori,* parties within the State can not by contract engraft upon the procedure prescribed for a summary proceeding, a remedy or practice not warranted by the statute. While parties by consent may waive rights they can not thus amend the law. A fundamental requisite to the validity of a judgment is that the court should have jurisdiction of the subject matter and of the parties. A judgment against a defendant who has not been served at all with process and who has not appeared, is a nullity. The record shows no process to the defendant, and no appearance by him, but shows a departure from the course specifically pointed out by the statute, and an attempt to give jurisdiction of the defendant, and enter judgment against him in a manner which the statute does not contemplate nor authorize. A confession of judgment upon a warrant of attorney in an action of forcible detainer in a court of record is as irregular and unauthorized as it would be in a justice's court. Such court of record does not proceed in forcible detainer by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is therefore to be treated as a court of special and limited jurisdiction. Phillips on Evidence, 946, Cowen & Hill's notes; *Burns* v. *Nash, supra.* A court of special and limited jurisdiction like a justice's court, has no authority to enter a judgment by confession on a warrant of attorney, even in a case where such judgment would be authorized in a court of record by the common law. *Alberty* v. *Dawson,* 1 Binn. 105.

"From no point of view are we able to sustain the authority of the court to enter the judgment appealed from. We have carefully examined the question, and re-examined the views expressed in the opinion of Mr. Justice MCALLISTER in *Burns* v. *Nash, supra,* and such re-examination has tended to confirm us in the position there announced. The court had no power

to enter the judgment in this form of proceeding on the warrant of attorney contained in the lease, and the judgment is therefore *coram non judice* and void, and must be reversed."

Messrs. WILLIAMS & THOMPSON, for the appellant:

A warrant of attorney to confess judgment does not depend for its validity upon positive enactment of the legislature, but is a valid power, whose exercise has been recognized repeatedly by the common law. It is a familiar common law security. *Bush* v. *Hanson*, 70 Ill. 480; *Osgood* v. *Blackmore*, 59 id. 261; *Sherman* v. *Baddely*, 11 id. 622.

As to warrants of attorney to confess judgments: *Vandeveere* v. *Gaston*, 24 N. J. L. 818; *Ely* v. *Parkhurst*, 25 id. 188; *Association* v. *Gardner*, 2 W. (N. C.) 96; *McCalmont* v. *Admire*, 13 S. & R. 196; *Doe ex dem.* v. *Kingston*, 1 Dow. (N. S.) 264; *Doe ex dem.* v. *Beaumont*, 2 id. 972; *Hall* v. *Hamilton*, 74 Ill. 437; *Rees* v. *Howell*, 12 A. & E. 696; *Locke* v. *Franklin*, 7 Taunt. 9; *Secrist* v. *Zimmerman*, 55 Pa. 446; *Betz* v. *Valer*, 15 Phil. 324; *Flanigan* v. *Philo*, 51 Pa. St. 491.

Messrs. MOSES & NEWMAN, for the appellee:

The common law is adopted in this State only so far as applicable to this country, and of a general nature. *Fisher* v. *Deering*, 60 Ill. 115; *Boyer* v. *Sweet*, 3 Scam. 120; *Middleton* v. *Pritchard*, id. 510; *Lavalle* v. *Strobel*, 89 Ill. 370; *Railroad Co.* v. *Crane*, 102 id. 249.

Parties can not waive exemption laws by executory contract. *Recht* v. *Kelly*, 82 Ill. 148; *Phelps* v. *Phelps*, 72 id. 545; Greenhood on Public Policy, 496.

An executory contract by mortgagor, waiving the right of redemption, is void. Greenhood on Public Policy, 499.

A contract not to plead the Statute of Limitations, is held void. Greenhood on Public Policy, 504, 508.

We refer to the case of *Fort Dearborn Lodge* v. *Klein*, 115 Ill. 177, for a statement of the common law rules on the subject of forcible entry and detainer.

Per CURIAM: We are satisfied with and adopt the foregoing opinion of the Appellate Court. Counsel for the appellant have furnished us with a brief criticising both the conclusions and reasoning of the opinion with great earnestness, and we have carefully examined the various propositions discussed and authorities cited, in the light of the suggestions thus made by counsel, and after having fully considered the case, we are disposed to concur with the Appellate Court both in its conclusions and in the process of reasoning by which those conclusions are reached.

The judgment of the Appellate Court will therefore be affirmed. *Judgment affirmed.*

Mr. CHIEF JUSTICE CRAIG, dissenting:

I do not concur in this decision. Forcible detainer is a mere civil proceeding authorized by the statute, under which the owner of lands may recover possession where the possession is unlawfully withheld. Forcible detainer is not an action of tort. At an early day this doctrine was announced in *Robinson* v. *Crummer*, 5 Gilm. 222. It is there said: "At common law the party was liable to indictment, and might be convicted of either a forcible entry or a forcible detainer, each being considered a distinct offense. Not so under our statute. The proceeding is purely a civil remedy, the sole object of which is to regain the possession that has been invaded."

If it be true that a judgment could not be confessed under a *cognovit* in forcible detainer, at common law, upon the ground that the action was a tort, that fact does not, in my judgment, establish the doctrine that a judgment could not be entered under a *cognovit* in forcible detainer, as that action is known and recognized under our statute. A *cognovit* to confess a judgment on a note, bond or contract for a debt may be given, and a judgment rendered under such a *cognovit* has always been regarded as valid and binding. If binding and obligatory on a contract to pay money, why not on a contract to

surrender possession of a lot or tract of land? A judgment rendered on a note or bond grows out of a breach of contract. So, too, a judgment for forcible detainer grows out of a breach of contract, and if a *cognovit* to render judgment in the one case may be sustained, upon principle I see no reason why it may not in the other.

Again, in *Fabri* v. *Bryan,* 80 Ill. 182, this court held, that where a lease contains a license to the landlord to enter into possession of the leased premises without process of law, and expel and remove the tenant, and use such force as may be necessary in doing so, the landlord may enter and remove the tenant after the expiration of the term, and the tenant can not maintain an action of trespass against the landlord. If, as held, the tenant may make a lawful contract with the landlord, under which the latter may enter and remove the tenant, what principle of law forbids the tenant from incorporating in a lease a provision under which, upon default of surrendering possession at the end of the term, a judgment for possession may be confessed in a court of competent jurisdiction?

Mr. JUSTICE WILKIN: I concur in the views expressed by Mr. Chief Justice CRAIG.

Mr. JUSTICE MAGRUDER: I concur in the dissenting opinion of Mr. Chief Justice CRAIG.