W. H. HOPKINS, Defendant in Error, vs. W. G. LEVAN-
DOWSKI, Plaintiff in Error.

*Opinion filed June 20, 1911.*

1. LANDLORD AND TENANT—*recognition of tenancy after time for forfeiture is a waiver.* If the landlord by some act recognizes the tenancy as existing subsequent to the time he might have declared a forfeiture under the lease, the forfeiture is thereby waived.

2. SAME—*effect of giving notice after tenant is in default for not paying the rent.* A provision in a lease declaring a forfeiture if the rent is not paid when due renders the lease voidable upon that ground at the election of the landlord, but if, after the rent is due, he gives notice to the tenant to surrender possession in five days the right to declare a forfeiture is waived for that period, and he cannot lawfully bring an action of forcible detainer before the expiration of the time stated in the notice.

3. COURTS—*power of municipal court of Chicago to make rules.* Under the provisions of the Municipal Court act the municipal court of Chicago has the power to make rules for conducting and disposing of cases within the jurisdiction of the court for which methods of procedure have not been prescribed by said act.

4. CONSTITUTIONAL LAW—*provisions of Municipal Court act concerning forcible entry and detainer not invalid.* The provisions of the Municipal Court act concerning forcible entry and detainer suits are not unconstitutional in leaving the matter of issuing writs of restitution to be regulated by the rules of the municipal court instead of authorizing such writs in express terms.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

LOUIS GREENBERG, CLARENCE E. MERCER, and THOS. H. MERCER, for plaintiff in error.

McKENZIE CLELAND, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

An action of forcible detainer was brought by defendant in error in the municipal court of Chicago against the plaintiff in error December 3, 1910, and on the trial the

court instructed the jury to find for defendant in error and judgment was entered on the verdict. This writ of error was sued out to reverse that judgment, and the case is brought to this court on the ground that a constitutional question is involved as to the power of the municipal court to make rules.

Plaintiff in error contends that the provisions of the Municipal Court act as to proceedings in forcible entry and detainer suits subsequent to the trial delegate legislative powers to the municipal court of Chicago and are therefore unconstitutional. Section 48 of the Municipal Court act provides that the practice in forcible entry and detainer suits, other than the mode of trial and the proceedings subsequent to trial, shall be the same, as near as may be, to that prescribed by law for similar cases in other courts of record, but that "the mode of trial and all proceedings subsequent to the trial shall be the same, as near as may be, as in other cases of the fourth class, mentioned in section 2 of this act." Cases of the fourth class in the municipal court are tried without written pleadings. Nothing is said in the Municipal Court act as to the issuing of a writ of restitution in forcible entry and detainer suits. Under the provisions of said Municipal Court act the municipal court may make rules for conducting and disposing of cases within the jurisdiction of that court for which methods of procedure have not been sufficiently prescribed by the said act. The municipal court, under these provisions, has made rules with reference to issuing writs of restitution in forcible entry and detainer suits. Section 34 of article 4 of the constitution, under which the municipal court was created, states that the practice in that court "shall be such as the General Assembly shall prescribe."

Counsel for plaintiff in error argue that the legislature cannot delegate to the municipal court the power to regulate the issuing of writs of restitution in forcible entry and detainer suits. In the recent case of *People* v. *Roth,* 249

Ill. 532, this court held that it was not a violation of the provision of the constitution vesting legislative power in the General Assembly, to authorize boards created by the legislature to formulate rules for the performance of their duties. In *Coleman* v. *Newby*, 7 Kan. 82, it is stated that the legislature may enact general provisions authorizing the courts who are to act thereunder to fill up the details. "They may mark out the outlines and leave those who are to act within these outlines to use their discretion in carrying out the minor regulations." In *Wayman* v. *Southard*, 10 Wheat. 1, the Supreme Court of the United States, speaking through Chief Justice Marshall, said: "The jurisdiction of a court is not exhausted by the rendition of its judgment but continues until the judgment shall be satisfied. * * * Were it even true that jurisdiction could be technically said to terminate with the judgment, an execution would be a writ necessary for the perfection of that which was previously done and would consequently be necessary to the beneficial exercise of jurisdiction." Nothing is said in any of the authorities cited by counsel for plaintiff in error that in any way conflicts with the conclusions reached in the foregoing decisions. The sections of the Municipal Court act are not unconstitutional because they fail to state in specific terms the requirements as to the issuing of writs of restitution in forcible entry and detainer suits.

Plaintiff in error occupied a store room in a building known as 4548 Cottage Grove avenue, Chicago, and the second floor flat of a building in the rear of said store, under two leases executed in 1910 and both expiring April 30, 1913. The original lessor for the flat was the defendant in error and for the store one Bovee, who afterwards, on April 12, 1910, assigned the lease to the defendant in error. The rental was payable in monthly installments of $35 on the store and $15 for the flat. The record shows that the default is as to the rent for December, 1910; that on De-

cember 1 plaintiff in error went to Hopkins' residence and told his wife that he came to pay the rent; that she said she had no receipt and the rent would be collected by the man who had collected it the previous month, and that she refused to accept it. The testimony of plaintiff in error as to his offer to pay the rent to Mrs. Hopkins is not contradicted and no question is made whether Mrs. Hopkins was the proper person to receive it, hence whether plaintiff in error offered to pay the rent on December 1 was a question for the jury to determine. *VanVlissingen* v. *Lenz,* 171 Ill. 162.

The plaintiff in error also offered in evidence a five days' notice concerning the rent due December, 1910, which stated that unless payment was made on or before December 7 the lease would be terminated. He testified that this notice was served on him December 2, 1910, the day before this suit was started. The court refused to admit this notice in evidence. Plaintiff in error contends that having served such five days' notice the defendant in error thereby waived the right to declare a forfeiture under the lease, at least until the time stated in the notice had expired. Defendant in error, on the contrary, insists that as the leases provided that they could be forfeited at the election of the lessors for non-payment of rent, without notice, the notice in question could not be considered as waiving the forfeiture under the leases. If the landlord has by some act recognized the existence of the tenancy subsequent to the time he might have declared the forfeiture, such right of forfeiture is thereby waived. (*Webster* v. *Nichols,* 104 Ill. 160; *McKildoe's Exr.* v. *Darracott,* 13 Gratt. 278; Jones on Landlord and Tenant, sec. 496; 1 Underhill on Landlord and Tenant,—1909 ed.—sec. 407; *Ward* v. *Day,* 117 Eng. C. L. 359.) It is not essential that the landlord should actually have in mind the waiving of the forfeiture. (Kales on Future Interests, sec. 64.) A notice to quit has been held such a waiver. (Taylor on Landlord

and Tenant,—6th ed.—sec. 498; 2 Platt on Law of Leases, sec. 469; *Doe* v. *Miller, 2* C. & P. 348.) The reasoning in *Gradle* v. *Warner,* 140 Ill. 123, and *McConnell* v. *Pierce,* 210 id. 627, tends to support the same conclusion. The provision declaring a forfeiture for non-payment of rent only made the lease voidable at the election of the lessor. On reason and authority, therefore, if the defendant in error gave a five days' notice he thereby recognized the tenancy of plaintiff in error and waived his right to forfeiture until the expiration of the time stated in the notice. The trial court should have admitted the notice in evidence.

The conclusions we have reached render it unnecessary to consider or decide the other errors assigned.

The judgment of the municipal court must be reversed and the cause remanded to that court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*