The Trust Company of Chicago, as Trustee Under Trusts Numbered 3464A and 3464B, Appellant, v. Marion F. Shea, Appellee.

Gen. No. 46,365.

Opinion filed October 20, 1954. Released for publication November 17, 1954.

NATHAN WOLFBERG, of Chicago, for appellant.

No brief was filed for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a forcible detainer action. The finding and judgment were in defendant's favor and plaintiff has appealed. No brief has been filed for appellee.

The facts are undisputed. The lease was made June 23, 1953 from month to month commencing August 1, 1953. On October 31, 1953, plaintiff by registered mail sent defendant a notice of termination "as of November 30, 1953." Defendant received the registered notice November 2nd. The trial court found that the notice was insufficient, being less than 30 days prior to the designated date of termination.

The question is whether the trial court erred in making this finding on the question of law presented at the trial.

■ The tenancy being for a term less than one year was terminable by thirty days' notice. (Ill. Rev. Stats. 1953, chap. 80, § 6 [Jones Ill. Stats. Ann. 72.06].) If the notice of termination was effective only when actually received by the defendant the court was right. If it was effective when sent by registered mail the court erred.

■ ■ The benefits of the statutory provision with respect to notice of termination of leases may be waived by the parties. *Sandra Frocks, Inc. v. Ziff*, 397 Ill. 497; *Espen v. Hinchliffe*, 131 Ill. 468. Since the parties may waive the requirement of any notice by agreement, *Sandra Frocks, Inc. v. Ziff*, we infer that they may by agreement specify a method of service where the statute does not do so.

■ The termination provision was:

"This lease shall be terminated on the last day of any month of its term by the giving by either party to the other of not less than thirty (30) days prior notice in writing of such termination, *which said notice shall be delivered in person or sent by registered mail,* when to Lessor, at the place stipulated herein for the pay-

369

ment of rent, and when to Lessee, at the address of the demised premises. *The mailing of said notice by registered mail shall constitute service thereof.*" (Italics ours.)

The parties agreed therefore that the notice of termination could be delivered in person or sent by registered mail and that mailing of the notice would constitute service of the notice. It is plain that the provision speaks of notice and service of the notice. Service by registered mail was made sufficient. There is no ambiguity in the language the parties used to express their agreement. They agreed that mailing was effective to constitute service by this method. A similar lease provision was construed by this court in *General Motors Corp. v. Phelan,* 323 Ill. App. 295. There the notice was held effective when mailed. In *Boyle v. Inter Insurance Exchange of the Chicago Motor Club,* 335 Ill. App. 386 (3d Dist.), an insurance policy provided that the insurer could cancel "by mailing." The court held that cancellation was effective by mailing whether insured "actually received the notice or not." We think that the notice in the instant case was given when the letter was mailed.

 Since the mailing of the notice was on October 31, 1953, service of notice was made on that day and was effective to give thirty days' notice prior to the termination date. The court erred in its finding of law. The judgment is reversed and judgment will be entered here for the plaintiff.

*Judgment reversed and judgment here for plaintiff.*

FEINBERG and LEWE, JJ., concur.