SJOSTROM AND SONS, INC., Plaintiff-Appellee, *v.* D. AND E. MALL RESTAURANT, INC., Defendant-Appellant.

(No. 73-264;

Second District (1st Division)—July 2, 1975.

Ascher & Ellis, of Freeport, for appellant.

Kroeger, Burt & DeMik, of Freeport, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

This is a forcible entry and detainer case in which the trial court entered judgment on the pleadings in favor of the plaintiff for the immedi-

ate possession of the premises and for $1410.64 rents and charges due. On appeal, the defendant makes only one contention—that the notice of termination (by certified mail as required in the lease) was not effective until actually received and that therefore the plaintiff had not given the 15 days' prior notice required to terminate the lease. We disagree and affirm.

The defendant lessee, in May of 1973, was behind in its rent by some 5 months, and was delinquent in its maintenance contributions, real estate taxes and Merchants Association dues. The lease provided, in paragraph 22, that under such circumstances, the lessor could give 15 days' notice to the lessee of its intention to terminate the lease and that, if the defaults specified were not terminated within that period, the lease would terminate and the lessor could re-enter, etc., and paragraph 26, in pertinent parts, provided as follows:

> "26. Whenever in this lease, there shall be required or permitted that notice or demand be given or served by either party to this lease, to or on the other, such notice or demand shall be given or served in writing, by certified or registered mail, addressed as follows:
>
> To The Lessor At:
>
> Crestwood Community Center, Inc., c/o
> Charles E. Barnes, Manager, 3600 N. Main Street,
> Rockford, Illinois
> To The Lessee At:
> c/o Dale R. Otto, Freeport Shopping Mall,
> 1200-1400 W. Galena Avenue,
> Freeport, Illinois."

On February 20, 1973, such a notice, electing to terminate on March 8, 1973, unless such defaults be corrected by then, was mailed at Rockford by the lessor by certified mail and such notice was actually delivered to the lessee at Freeport on February 21, 1973. Suit was filed on March 16, 1973.

As a result (and the parties agree) this case necessarily turns on whether the notice was effective on February 20, 1973, when it was delivered to the post office, or on February 21, 1973, when it was handed over to the lessee by the postal service.

In *General Motors Corp. v. Phelan* (1st Dist. 1944), 323 Ill.App. 295, 55 N.E.2d 404 (abstract opinion), the lease provided that notices could "be sent by registered mail addressed to the party intended to be notified at the post office address of such party last known to the party giving notice and notice given as aforesaid shall be a sufficient service thereof."

In holding that the 30 days' notice there required began to run when

the notice was so registered, the court, at page 5 of the opinion itself, said:

"\* \* \* We hold that the time is to be computed from the date on which the notice was registered and mailed and that this constituted a due sending by registered mail to defendant. 46 Corpus Juris, 869, p. 559; *Wolonter v. U. S. Casualty Co.*, 126 Va. 156; *Geary v. [Great] Atlantic & Pacific Tea Co.*, 366 Ill. 625, 627; *Wagner v. McClay*, 306 Ill. 560, 563; *Cottingham v. National Mutual Church Insurance Co.*, 290 Ill. 26, 32; *People [ex rel. Tolley] v. Illinois Bankers Life Assurance Co.*, 283 Ill.App. 6, 10. This rule is, we hold, not inconsistent with Section 6, Chapter 100 of the Illinois Revised Statutes with reference to notice. A contrary rule, requiring the party giving the notice at his peril to mail it at such a time that its delivery would be made on or before the required date, would give to a contract of this kind perilous uncertainty, as a little reflection will show."

Another Illinois case to the same effect is *Trust Company of Chicago v. Shea* (1st Dist. 1954), 3 Ill.App.2d 368, 122 N.E.2d 292, where, in holding that the 30 days there required began to run when the termination notice was mailed by registered mail, the court, at page 370, said:

"\* \* \* There is no ambiguity in the language the parties used to express their agreement. They agreed that mailing was effective to constitute service by this method. A similar lease provision was construed by this court in *General Motors Corp. v. Phelan*, 323 Ill. App. 295. There the notice was held effective when mailed. In *Boyle v. Inter Insurance Exchange of the Chicago Motor Club*, 335 Ill.App. 386 (3d Dist.), an insurance policy provided that the insurer could cancel "by mailing." The court held that cancellation was effective by mailing whether insured "actually received the notice or not." We think that the notice in the instant case was given when the letter was mailed."

We therefore conclude that service was effective when the 15-day notice of termination was mailed by certified mail and that, as a result, the 15 days ran at midnight of the day before the termination date specified therein. The lease was therefore legally terminated and the trial court properly so held in entering judgment on the pleading for the plaintiff for the possession of the premises and for $1,410.64 rents and charges due. We therefore affirm the judgment.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.