H. AVDICH, Plaintiff-Appellee, *v.* KARL KLEINERT, Defendant-Appellant.

First District (3rd Division)   No. 76-531

Opinion filed December 2, 1976.

David I. Grund and Linda J. Kroning, both of Chicago, for appellant.

Morris Solomon, of Kennedy, Golan, Morris, Spangler & Greenberg, and Samuel A. Maremont, both of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff lessor, H. Avdich, brought this action against defendant lessee, Karl Kleinert, alleging that plaintiff was entitled to possession of premises located at 4701-05 North Lincoln Avenue in the city of Chicago. The suit also claimed rent of $460 for January 1976. After a trial without a jury in the circuit court of Cook County, the court entered judgment in favor of plaintiff for possession of the premises and for rent. The court denied defendant's motion to vacate the judgment and for a new trial. This appeal follows.

At trial on February 9, 1976, defendant appeared without counsel. Plaintiff, through counsel, informed the court that the suit was filed pursuant to the Illinois forcible entry and detainer statute. Plaintiff presented testimony that defendant had not paid January rent and offered into evidence the five-day notice. Plaintiff's counsel stated that no tender of the rent had been made during the period covered by the notice. Plaintiff presented a check drawn by defendant payable to plaintiff which had been returned by the latter due to insufficient funds. Plaintiff further presented the lease as evidence of the suit for possession. Defendant testified that on January 21, 1976, he tendered to plaintiff a certified check for $460. Plaintiff's counsel stated that plaintiff never received the check. The court questioned defendant as to his willingness and ability to pay the rent. The judge then questioned plaintiff as to his willingness to accept the rent, and plaintiff replied that at this time he was unwilling to accept the rent. The judge entered judgment for the plaintiff.

On February 13, 1976, defendant, through counsel, presented a written motion to vacate the judgment of February 9. The motion recited that, on December 25, 1975, defendant had gone to Europe to assist his ailing mother. It reiterated that, on January 21, 1976, defendant had issued a certified check for the rent and had tendered it to plaintiff. A copy of the receipt for the certified check was attached. The motion further recited that defendant had received the five-day notice on January 28, and that the notice was not given in conformity with the statute.

Plaintiff filed an answer to the motion to vacate the judgment. The answer recited that a five-day notice had been mailed on January 9, and no rent was received by plaintiff. The answer denied receipt of defendant's certified check. In response to defendant's claim that the five-day notice did not conform to the statute, plaintiff stated that the provisions of the lease did not require notice in the event of default in payment of the rent.

Illinois statute provides that: "Any demand may be made or notice

served by * * * sending a copy of said notice to the tenant by certified or registered mail, with a return receipt from the addressee * * *." (Ill. Rev. Stat. 1975, ch. 80, par. 10.) At the hearing on the motion to vacate the judgment, defense counsel pointed out that the notice in the present case was defective in that notice was sent by certified mail, but with no accompanying return receipt. Plaintiff's attorney replied that there had been a valid lease for the premises in question and the lease contained a provision waiving statutory notice. Plaintiff therefore was not bound to give notice pursuant to statute. Defense counsel rejoined that a lessor who elects to terminate a tenancy by statutory notice for rent and possession must comply with the statutory provision relating to notice, notwithstanding the existence of any waiver of notice provision of the lease. The trial court agreed that was in fact the issue to be decided. Plaintiff's attorney then cited a case in which the court, he argued, ruled that the attempted service of a defective notice did not extinguish the landlord's right to proceed under the lease. After considering memoranda submitted by both sides and hearing further argument, the trial court denied defendant's motion to vacate the judgment for possession and rent.

In this court, plaintiff suggests that the five-day notice served on defendant complied with the statute. However, an examination of the record clearly reveals that the sole question presented to the trial court by both sides was a legal issue as to whether the service of a defective notice extinguished the landlord's right to proceed under a lease despite a waiver of notice provision in the lease. Both in his answer to defendant's motion to vacate the judgment and in his argument before the trial court, plaintiff did not attempt to support the validity of the notice but addressed himself to the foregoing legal proposition. Consequently, it is only that issue we shall consider.

■■■ Demand for rent in the form of a notice can be waived by express agreement in the lease. (*Cote v. Landau* (1926), 240 Ill. App. 292.) However, it is well settled in Illinois that a lessor who elects to terminate a tenancy by statutory notice for rent and possession must comply with the statutory provisions relating to notice, notwithstanding the existence of any waiver of notice provision in the lease. The right of a landlord to proceed without notice under a lease provision is waived by his election to begin termination proceedings under statutory notice provisions. (*Hopkins v. Levandowski* (1911), 250 Ill. 372, 95 N.E. 496; *Sixeas v. Fogel* (1929), 253 Ill. App. 579.) In *McKinney v. James A. Brady Foundry Co.* (1912), 175 Ill. App. 569, the court stated at pages 572-73:

> "Whatever might be said of the sufficiency of this provision of the lease as a waiver of notice of the election of the landlord to

declare the tenancy at an end, the landlord did not undertake to regain possession under the terms of the lease without notice, but did elect to terminate the tenancy by notice and demands for rent and possession. Having undertaken to terminate the tenancy by notice and demand for rent and possession, such notice and such demands must conform to the provisions of the statute above quoted, before right of action by forcible entry and detainer accrues."

■■ In the present case, the plaintiff elected not to terminate the tenancy under the lease but rather to regain possession pursuant to the statute by serving his five-day notice. Once having made the election, he is governed by the provisions of the statute, including those relating to service. The notice in question admittedly was defective, and the trial court erred in granting judgment to plaintiff.

Both in the trial court and in this court, plaintiff has relied primarily on the decision in *Clark v. Stevens* (1921), 221 Ill. App. 233, in support of his contention that service of a defective five-day notice does not extinguish his right to proceed under a lease containing a waiver of notice provision. That holding is clearly distinguishable from the present case. In *Clark*, the lessor had served an unsigned five-day notice on the lessee. However, at trial the lessor introduced the lease into evidence but not the five-day notice, and the court specifically found that the lessor made no claim that he was entitled to a judgment except under the provisions of the lease. In the instant case, the plaintiff introduced the notice into evidence and substantially relied upon it to obtain judgment.

Accordingly, the judgment of the circuit court of Cook County in favor of plaintiff is reversed and judgment is entered in favor of defendant.

Judgment reversed.

MEJDA, P. J., and McGLOON, J., concur.