(No. 49090.

H. AVDICH, Appellant, v. KARL KLEINERT, Appellee.

*Opinion filed October 5, 1977.*

Chicago, of counsel), for appellant.

John J. O'Neil, Jr., and Jerrald B. Abrams, of Abrams & Fogel, of Chicago, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff-lessor, H. Avdich, brought this forcible entry and detainer action in the circuit court of Cook County against defendant-lessee, Karl Kleinert, to recover possession of premises at 4701-05 North Lincoln Avenue in Chicago. The complaint also claimed rent of $460 for January 1976. After a bench trial, judgment was entered in favor of plaintiff for possession and rent. The trial court denied defendant's motion to vacate the judgment and for a new trial. On appeal, the appellate court reversed and entered judgment in favor of the defendant. (44 Ill. App. 3d 320.) We allowed plaintiff's petition for leave to appeal.

The premises in question were leased by plaintiff to defendant under three written leases with an aggregate rent of $460 per month. On January 1, 1976, plaintiff received defendant's check in the amount of $460 representing payment of rent for January 1976. However, the bank subsequently returned the check unpaid due to insufficient funds. Plaintiff mailed a statutory five-day notice, dated January 9 and postmarked January 11, to defendant demanding payment of rent in the amount of $460, and notifying him that unless payment was made on or before the expiration of five days after date of service of the notice, his right of possession of the premises would be terminated. (See Ill. Rev. Stat. 1975, ch. 80, par. 8.) The notice was sent by certified mail, although no return receipt was requested. Defendant testified he had been out of the country and had not received the five-day notice until January 28.

On January 20 plaintiff filed his forcible entry and detainer suit claiming possession of the property for

nonpayment of the January rent and the $460 rent for that month. At the February 9 bench trial plaintiff offered the five-day notice in evidence and testified that no tender of rent had been made by defendant during the period covered by the notice. Plaintiff also introduced the written leases and the check dated January 1 payable to him in the amount of $460 which the bank had returned unpaid due to insufficient funds. Defendant, appearing without counsel, testified that on January 21 he had tendered to plaintiff a certified check in the amount of $460. Plaintiff denied receiving the check. In response to a question by the court, plaintiff replied that he was unwilling to accept tender of rent from defendant at that time, whereupon judgment was entered in favor of plaintiff for possession of the premises and for rent of $460.

On February 13 the defendant, who was then represented by counsel, filed a motion to vacate the judgment and for a new trial. The motion stated that on December 25, 1975, defendant had been compelled to travel to Europe to assist his ailing mother and that on January 21, 1976, he had issued a certified check and tendered the same to the plaintiff. A copy of the bank debit advice indicating issuance of the check was attached to the motion as an exhibit. The motion further alleged that the five-day notice which defendant received on January 28 had not been given in accordance with the statute (Ill. Rev. Stat. 1975, ch. 80, par. 10) providing for service by certified mail with a returned receipt from the addressee.

In response to the motion to vacate, plaintiff filed an answer stating that he had never received the alleged certified check of January 21 and that no rent for January had been tendered at any time to plaintiff. With reference to defendant's allegations concerning the sufficiency of the five-day notice, plaintiff's answer alleged that the written lease did not require notice in the event of default in the payment of rent.

The statutes in question provide as follows with

respect to the issuance and service of a five-day notice prior to termination of a lease:

> "That a landlord or his agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after service thereof, the lease will be terminated. If the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation of [to] forcible entry and detainer, or maintain ejectment without further notice or demand. And a claim for rent may be joined in the complaint, and judgment obtained for the amount of rent found due, in any action or proceeding brought, in an action of forcible entry and detainer for the possession of the demised premises, under this section." (Ill. Rev. Stat. 1975, ch. 80, par. 8.)

As to service of the notice and demand, it is provided:

> "Any demand may be made or notice served *** by sending a copy of said notice to the tenant by certified or registered mail, with a returned receipt from the addressee; ***." Ill. Rev. Stat. 1975, ch. 80, par. 10.

At the hearing on the denied motion to vacate the judgment in the trial court, defendant argued that service of the five-day notice was ineffective since it was not sent "with a returned receipt from the addressee" as required by section 10. Plaintiff responded that since the leases for the property in question contained provisions waiving statutory notice, he was not bound to give the statutory five-day notice in order to terminate the lease. Defendant urged that plaintiff had elected to terminate the tenancy by a statutory five-day notice and that since the notice was ineffective, the court had to enter judgment in favor of the defendant notwithstanding the existence of any waiver of notice provisions contained in the written leases. The trial judge, after commenting that this was the issue to be decided, and after considering further argument and memoranda, denied defendant's motion to vacate the judgment and for a new trial.

The appellate court limited its review to considering the question whether the service of a defective five-day notice extinguished the landlord's right to rely upon the waiver of notice provision in the lease, and concluded: "In the present case, the plaintiff elected not to terminate the tenancy under the lease but rather to regain possession pursuant to the statute by serving his five-day notice. Once having made the election, he is governed by the provisions of the statute, including those relating to service. The notice in question admittedly was defective, and the trial court erred in granting judgment to plaintiff." 44 Ill. App. 3d 320, 323.

In this court, plaintiff disputes the conclusion that the five-day notice was "admittedly defective" and argues that the mailing by certified mail of a statutory five-day notice without requesting a return receipt does not invalidate the notice where receipt of the notice is admitted as in this case. While we believe there is merit to that argument, we are nevertheless of the opinion that plaintiff was not entitled to judgment on the facts of this case, since the forcible entry and detainer action was filed prematurely.

An action under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, pars. 1 through 22) to recover possession of premises of which the plaintiff has been unjustly deprived "is a special statutory proceeding, summary in its nature, in derogation of the common law, and a party seeking this remedy must comply with the requirements of the statute, especially with respect to jurisdiction." (*West Side Trust & Savings Bank v. Lopoten* (1934), 358 Ill. 631, 637.) "[T]he conditions and requirements that the statute prescribes in conferring jurisdiction must clearly exist and *** the mode of procedure provided by it must be strictly pursued." (*Fitzgerald v. Quinn* (1896), 165 Ill. 354, 360.) Section 2 of the Act contains the following provisions prescribing when an action may be maintained to recover possession of leased

lands or tenements:

"The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

\* \* \*

\*\*\* When any lessee of the lands or tenements, or any person holding under him, holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise." Ill. Rev. Stat. 1975, ch. 57, par. 2.

Under the provisions of the leases here in question, the plaintiff may well have had the right to terminate the tenancy without notice on the grounds that the defendant was in default in payment of rent. (*Sandra Frocks, Inc. v. Ziff* (1947), 397 Ill. 497; *Espen v. Hinchliffe* (1890), 131 Ill. 468.) However, plaintiff did not do so, but instead chose to give a statutory five-day notice advising defendant that the leases *would* be terminated unless rent was paid within five days after the date of service of the notice. The effect of such a notice was discussed in *Hopkins v. Levandowski* (1911), 250 Ill. 372, in which a forcible entry and detainer action was instituted prior to the expiration of the five-day period specified in the notice. The landlord contended that since the leases provided that they could be forfeited at the election of the lessor for nonpayment of rent without notice, the giving of a five-day notice should not be considered as waiving such right of forfeiture. In rejecting this argument, this court concluded: "If the landlord has by some act recognized the existence of the tenancy subsequent to the time he might have declared the forfeiture, such right of forfeiture is thereby waived. [Citations.] It is not essential that the landlord should actually have in mind the waiving of the forfeiture. [Citation.] A notice to quit has been held such a waiver. [Citations.] \*\*\* The provision declaring a forfeiture for non-payment of rent only made the lease voidable at the election of the lessor. On reason and

authority, therefore, if the defendant in error gave a five days' notice he thereby recognized the tenancy of plaintiff in error and waived his right to forfeiture until the expiration of the time stated in the notice." 250 Ill. 372, 375-76.

In this case, it is important to determine whether service of the five-day notice was effective upon the date of mailing (January 11) or upon the date of receipt by the tenant (January 28). Although this question has not been considered heretofore by this court, a similar question was raised in *Sjostrom & Sons, Inc. v. D. & E. Mall Restaurant, Inc.* (1975), 29 Ill. App. 3d 1082, in which the appellate court construed a lease which provided that under certain circumstances the lessor could give 15 days' notice to the lessee of its intention to terminate the lease and that if the default specified were not remedied within that period, the lease would terminate and the lessor could reenter the premises. The lease further provided: "Whenever in this lease, there shall be required or permitted that notice or demand be given or served by either party to this lease, to or on the other, such notice or demand shall be given or served in writing, by certified or registered mail, addressed as follows: ***." (29 Ill. App. 3d 1082, 1083.) The appellate court held that service was effective when the 15-day notice of termination was mailed by certified mail rather than when it was actually received by the lessee. (29 Ill. App. 3d 1082, 1084.) In so holding, the court relied upon *General Motors Corp. v. Phelan* (1944), 323 Ill. App. 295 (abstract), in which the lease provided that notices could be sent by registered mail and that "notice given as aforesaid shall be a sufficient service thereof" and *Trust Co. v. Shea* (1954), 3 Ill. App. 2d 368, where the lease expressly stated that the mailing of notice by registered mail constituted service.

It is apparent that the provisions of section 10 here in question relative to service of notice by certified mail

differ from the lease provisions in *Sjostrom* and the cases relied upon therein in that the statute specifically requires a returned receipt from the addressee. If mere mailing of a five-day notice was sufficient service, then proof of mailing would be all that was required to show service, and there would be little reason to require a returned receipt from the tenant. The apparent purpose of the returned receipt is to facilitate proof of service on the tenant, and, in our opinion, the inclusion of this provision in the statute clearly indicates a legislative intent that service of a notice by certified mail is not to be considered complete until it is received by the addressee. The same provision has been adopted by this court in Supreme Court Rules 105(b)(2) and 284 relative to service of notice of filing of pleadings seeking additional relief against certain parties and service of process in small claims cases. 58 Ill. 2d R. 105(b)(2), R. 284.

The defendant was not served with the statutory five-day notice until January 28, 1976, and he accordingly had five days from that date within which to pay the rent to avoid termination of the lease. Having given such a notice, plaintiff thereby waived his right to declare the lease terminated until the five-day period had expired without payment of rent. It therefore follows that plaintiff was not entitled to possession of the premises and could not maintain an action under the Forcible Entry and Detainer Act to recover possession prior to that time. Plaintiff's suit, which was filed on January 20, 1976, was premature, and we conclude that the appellate court correctly reversed the decision of the trial court and entered judgment in favor of the defendant.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*