EDWARD W. EDDY, Trustee, Plaintiff-Appellee, *v.* DOROTHY M. KERR, Defendant-Appellant.

Second District   No. 80-337

Opinion filed May 29, 1981.

Edward L. Parks and Robert E. Burke, both of McHenry, for appellant.

Holmstrom & Green, of Woodstock (James A. Campion, of counsel), for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal raises the question whether service of a demand for possession by registered mail in accordance with a contractual provision is sufficient compliance with the provisions of the Forcible Entry and Detainer Act. Ill. Rev. Stat. 1979, ch. 57, par. 3.

The defendant, who defaulted under an installment contract to purchase real estate, contends that the trial court erred in overruling her objection to service, and her motion to dismiss for lack of jurisdiction. She appeals from the judgment finding that the plaintiff was entitled to possession.

Plaintiff initially sent a declaration of forfeiture under the articles of agreement for warranty deed by registered mail on February 27, 1980. A demand for possession was sent to defendant by registered mail with no return receipt requested on March 7, 1980. Plaintiff filed his complaint seeking possession of the property on March 13, 1980. At trial, defendant unsuccessfully objected to the admission into evidence of plaintiff's demand for possession for failure to comply with the statutory require-

ments of section 3 of the Forcible Entry and Detainer Act. Further, as a defense, defendant moved to dismiss the action for lack of jurisdiction.

The demand for possession was made pursuant to section 2 of the Act which provides as pertinent:

"The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

\* \* \*

Fifth, When a vendee having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof, after demand in writing by the person entitled to such possession." (Ill. Rev. Stat. 1979, ch. 57, par. 2.)

Section 3 of the Act provides the method of demand, in pertinent part:

"The demand required by Section 2 may be made by delivering a copy thereof to the tenant, or by leaving such a copy with some person above the age of 12 years, residing on, or being in charge of, the premises; or in case no one is in the actual possession of the premises, then by posting the same on the premises, provided, that in case there is a contract for the purchase of such lands or tenements, \* \* \* notice that a proceeding under the provisions of this Act is to be instituted shall be given to the purchaser under such contract, or to the unit owner, as the case may be, at least 30 days prior to the institution of such proceeding, either by notifying such purchaser or unit owner personally of such fact or by sending notice thereof by registered or certified mail to the last known address of such purchaser \* \* \*." Ill. Rev. Stat. 1979, ch. 57, par. 3.

■■ It is clearly established that an action under the Forcible Entry and Detainer Act to recover possession of premises " 'is a special statutory proceeding, summary in its nature, in derogation of the common law, and a party seeking this remedy must comply with the requirements of the statute, especially with respect to jurisdiction.' " (*Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 6.) Where the statutory requirement is that a demand be made prior to filing suit, the demand must be made properly or jurisdiction does not attach. *Benjamin v. Allison* (1915), 201 Ill. App. 34, 37. See also *French v. Willer* (1888), 126 Ill. 611, 618.

We must first consider the argument of the plaintiff that the contract between the parties prevails over the statutory provision. Paragraph 18 of the parties' installment agreement provides that all notices and demands hereunder shall be in writing; that the mailing of a notice or demand by registered mail to purchaser at 3510 Lily Pond Road or to the last known address of either party shall be sufficient service; and that the demand is made on the day mailed. The demand for possession was sent by registered mail to the purchaser's address as stated in the parties' contract;

therefore, demand as defined by the parties in their agreement has been satisfied.

However, the question remains whether the parties to the contract could agree to a method of service not specified in the statutes. Early cases, dealing with confession of judgment clauses in leases, have held categorically that " 'Parties can not by their contracts vary the procedure in courts of justice prescribed by the statute'," and therefore cannot vary the manner of service of process or notice. (*French v. Willer* (1888), 126 Ill. 611, 620. See also *Burns v. Nash* (1887), 23 Ill. App. 552, 556-57.) However, there is also precedent that if there is no ambiguity in the language the parties use to express their agreement, and they agree that mailing of a notice by registered mail constitutes service of the notice, a waiver of the statutory notice rights will be upheld. (See *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 7; *Sjostrom & Sons, Inc. v. D. & E. Mall Restaurant, Inc.* (1975), 29 Ill. App. 3d 1082, 1084; *Trust Co. v. Shea* (1954), 3 Ill. App. 2d 368.) But all of these cited cases have to do with notices required by statutes, other than the Forcible Entry and Detainer Act, in which the notice is not a jurisdictional prerequisite.

More significantly it should be noted that the contract does not unambiguously give the seller the right to vary the statutory method of service of the demand for possession. The contract gives the seller the right to declare a forfeiture and reenter if the purchaser fails to make payments (par. 11 of the agreement); requires filing of a written declaration of forfeiture (par. 12); states that the forfeiture remedy is nonexclusive (par. 15); provides for confession of judgment (par. 16), and follows these provisions with the statement, to which we have previously referred, as to the service of notice by registered mail. It seems apparent that the contract provisions refer only to the forfeiture of the contract and do not unambiguously waive rights under the Forcible Entry and Detainer Act even if we assume that the provisions of that Act can be waived under the contract.

It is our further conclusion that the action of forcible entry and detainer is a special statutory proceeding in derogation of common law and requires that the statutory provisions be strictly pursued. The statute requires that there be a "demand in writing" (Ill. Rev. Stat. 1979, ch. 57, par. 2), and that the demand be made "by delivering a copy thereof to the tenant" or by leaving a copy with some person residing on or being in charge of the premises. (Ill. Rev. Stat. 1979, ch. 57, par. 3.) The further provision for posting notice is not applicable here as it is not alleged that there was no one in actual possession of the premises. In construing a provision of the mechanic's lien act the court held that section 34 of that act (Ill. Rev. Stat. 1979, ch. 82, par. 34), which required that a written demand be served, showed a statutory intention to permit only personal

service and not to allow service by mail. *M. L. Ensminger Co. v. Chicago Title & Trust Co.* (1979), 74 Ill. App. 3d 677, 679.

■■ If the legislature had intended that notice by registered mail would be sufficient, we conclude that it would not have stated that the demand must be served, thereby implying personal service and not service by certified or registered mail. But in any event, where as here, there has been no return receipt introduced into evidence, it would appear that even if registered mail were considered sufficient, the absence of the return receipt does not assure that the demand was delivered as required by statute.

The judgment of the circuit court is reversed.

Reversed.

LINDBERG and HOPF, JJ., concur.