Sam Cutler, et al., Appellees, v. Leader Cleaners, Inc., Appellant.

Gen. No. 46,984.

First District, First Division.

January 7, 1957.

Released for publication February 11, 1957.

Lawrence J. West, of Chicago, for appellant.

Korean Movsisian, and Felix F. Gordon, both of Chicago, for appellees.

JUDGE FRIEND delivered the opinion of the court.

Defendant appeals from an order of the Municipal Court refusing to vacate a judgment by confession based on a lease for certain store premises in the City of Chicago.

Under date of December 5, 1951 plaintiffs, as lessors, entered into a written lease with defendant, as lessee, for store premises at 4162 Archer Avenue, Chicago, for a term of five years commencing January 1, 1952 at a rental of $225 per month. Paragraph 15 of the lease contained a power of attorney to confess judg-

ment "for the amount of rent which may be then due, by virtue of the terms hereof, or of any extensions or renewals hereof, or by virtue of any holdover after the termination hereof, and which may be in default, as aforesaid, together with the costs of such proceedings, and a reasonable sum . . . for plaintiffs' attorney's fees in or about the entry of said judgment . . ." Paragraph 24 of the lease reads as follows: "Anything in the printed portion of the within lease to the contrary notwithstanding, no forfeiture of this lease shall be declared or any legal action taken to enforce any breach on the part of the lessee, unless such breach shall continue for a period of five days after receipt of written notice thereof by the lessee."

On October 7, 1955 plaintiffs had judgment by confession for rent for the months of August, September, and October of 1955, and attorney's fees, based on a statement of claim which contained no allegation as to the receipt by defendant of written notice of default, as provided in paragraph 24 of the lease. On defendant's motion, supported by its petition, that judgment was vacated December 1, 1955. Thereafter, on the same day, plaintiffs filed an amended statement of claim, on which the court entered a second judgment by confession in the same amount as the first judgment. The amended statement of claim was identical with the original, except that it contained an additional allegation that "on September 22, 1955, plaintiffs made a written demand for the past due rent." Again, on defendant's motion, supported by petition, the second judgment was vacated February 24, 1956, and on the same date plaintiffs filed a second amended statement of claim which differed from the prior one in that it added a new paragraph as follows: "4. On September 22, 1955, plaintiffs served upon defendant a written notice that defendant had breached its lease in that it had failed to pay rent of $450 due

on said date; and, again, on the 4th day of October, 1955, plaintiffs served upon defendant a written notice that defendant will be held liable for all rentals accrued to date and for all rentals to accrue, as will more fully appear by the Affidavit of Korean Movsisian attached hereto and made a part hereof." The affidavit of Korean Movsisian, one of plaintiffs' attorneys, recited that on September 22, 1955 a certain "Landlord's Five Day Notice" was served on defendant, and that on October 4, 1955 "a second written notice was served upon Leader Cleaners, Inc." Based on plaintiffs' second amended statement of claim, the court, on February 24, 1956, entered a third judgment by confession in the same amount as previously. As it had done twice before, defendant on March 5, 1956, filed a motion, supported by petition, to either vacate that judgment for want of jurisdiction or, in the alternative, to open the judgment with leave to plead and file a counterclaim. Thereafter, on March 22, 1956, defendant moved: (1) to withdraw its motion to vacate or, in the alternative, to open the judgment by confession; (2) to withdraw the petition theretofore filed by it in support of said motion; (3) to vacate the judgment for want of jurisdiction. The court allowed the defendant to withdraw its last previous motion and petition in support thereof but refused to vacate the last judgment by confession. It is from the last part of that order denying defendant's motion to vacate the judgment by confession, entered February 24, 1956, that this appeal is prosecuted.

We are asked to decide whether the factual question of receipt of the required written notice of breach of the lease, as provided by paragraph 24 thereof, can be the subject matter of a judgment by confession. Defendant argues that the power of attorney cannot be exercised "unless such breach shall continue for a period of five days after receipt of written notice there-

442

of by the lessee," as provided in paragraph 24, and that the fact that such notice was received is *dehors* the written lease and the power of attorney, and therefore cannot be confessed.

Hymen v. Anschicks, 270 Ill. App. 202, is relied on as being decisive of the question here presented. In that case defendant was a tenant of plaintiff, under a written lease demising the premises for a term commencing October 1, 1930 and running to September 30, 1931; the judgment was for rental for May, June and July 1932, which judgment plaintiff affirmed was authorized under the terms of the lease which provided for an extension or holdover as follows: after providing that the term should expire September 30, 1931, the lease said: " 'and from year to year thereafter, unless and until this lease shall be terminated at the date last above mentioned, or at a like date in any subsequent year thereafter, by the giving by either party to the other of not less than sixty (60) days' notice in writing of such termination, which said notice shall be delivered in person or sent by registered mail, when to Lessor, at the place stipulated herein for the payment of rent, and, when to Lessee, at the address of the demised premises.' "

The power of attorney to confess judgment authorized judgment against the lessee " 'for the amount of rent which may be then due, by virtue of the terms hereof, or of any extensions or renewals hereof, or by virtue of any hold-over after the termination hereof, and which may be in default, as aforesaid.' " The court observed that if the power existed to confess judgment for rental for a period subsequent. to September 30, 1931, it would be by virtue of the foregoing provisions of the lease, and then held that, "following Weber v. Powers, 213 Ill. 370, the power to confess judgment for rent for a period after the date stated in the lease as the termination, is invalid. This was the material

443

question in the Weber case. It was said there that it was the settled doctrine of this court that the authority to confess judgment without process must be clear and explicit, and must be strictly pursued; and that, if there is no power to enter the appearance of the debtor and confess the judgment, such judgment is a nullity, binds no one, and may be attacked collaterally for want of jurisdiction in the court to render it. The crux of the decision was, that where a lease has expired by its terms, the character of the subsequent tenancy, if any, raises a question of fact, and that the power to confess judgment is not a power to confess such a fact but only to confess such facts as appear from the lease. The court said: 'The fact of a renewal, or the fact of a holding over, is a fact *dehors* the written lease and the terms of the written power of attorney, contained in the lease. A judgment by confession must be for a fixed and definite sum, and not in confession of a fact, that can only be established by testimony outside of the written documents, required by the statute to be filed in order to enter up a judgment by confession.' " The Appellate Court then decided that what was said in Weber v. Powers was applicable to the Hymen case, and concluded as follows: "By the terms of the lease the lessee had the option, by giving 60 days' notice in writing, to terminate the lease on September 30, 1931; the power of attorney did not authorize a confession that such notice had not been given. This was a question of fact upon which defendant was entitled to a trial. [Citing Weiss v. Danilczik, 262 Ill. App. 551.]"

Relying on Hymen v. Anschicks and Weber v. Powers, defendant takes the position that whether notice of default was received by defendant is a fact not capable of being confessed under the power of attorney contained in the lease, and that this fact can be established only by testimony outside the written documents

444

required by statute to be filed in order to enter up a judgment by confession. Plaintiffs' reply to this contention is that the provision in the lease requiring a five-day notice of default before the commencement of legal proceedings was merely a condition precedent; that such a condition does not in itself nullify or void a confession by judgment; and that if the statement of claim alleges facts to show that the condition has been complied with, the confession is valid. In their second amended statement of claim, plaintiffs alleged that they had *served* a written notice of breach of the lease. Defendant argues that the allegations of the second amended complaint that plaintiffs "served" upon defendant a written notice are inadequate because plaintiffs failed to further allege that such demand was *received* by defendant. This is merely a play on words; proper service of notice implies receipt thereof. Webster's New International Dictionary (2d ed., 1949) defines "serve" as: "24. Law. a To bring to notice, deliver, or execute, actually or constructively, in such manner as the law requires; to put into effect; as, to *serve* a summons or process is to deliver it, or to read it so as to give due notice, or both, as required by law; to *serve* an attachment or execution is to levy it by seizure or taking possession. b To make legal service upon (a person named in a writ, etc.)." "Receive" is defined as: "1. To take, as something that is offered, given, committed, sent, paid, or the like; to accept; as, to *receive* payment, a gift, a letter, homage. . . . 7. To gain the knowledge of from some communication; as, to *receive* news or a warning; . . ." In legal contemplation of the term, a statement that defendant was "served" with notice means that he "received" it.

In the Hymen case the lease had terminated and could be revived only by a sixty-day notice in writing; and the court merely held that, where a lease had expired by its terms, the character of subsequent tenan-

cy, if any, raised a question of fact to be established by testimony outside the written documents, and the power to confess judgment was not a power to confess such a fact, but only to confess such facts as appear from the lease.

■ ■ We think that the second amended complaint sufficiently alleged service of notice of default before proceedings were instituted, and justified the court in entering judgment by confession pursuant to the power of attorney in the lease. Accordingly, the judgment of the Municipal Court is affirmed.

Judgment affirmed.

NIEMEYER, P. J. and BURKE, J., concur.