DEWEY TATE, Plaintiff-Appellant, v. WABASH DATATECH, INC., *et al.*, Defendants and Third-Party Plaintiffs-Appellees (John P. Bourg, Third-Party Defendant).

Second District   No. 86—0034

Opinion filed September 18, 1986.—Rehearing denied October 20, 1986.

Sandra S. Kerrick, Joseph Gottemoller, and William M. Franz, all of Franz, Naughton & Leahy, of Crystal Lake, for appellant.

Holmstrom & Green, P.C., of Woodstock, and Jeffrey M. Bernbach, Ltd., of New York, New York, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Dewey Tate, appeals from an order of the circuit court of McHenry County granting defendants, Kearney-National, Inc., and its wholly owned subsidiary, Wabash Datatech, Inc., summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005), and denying his motion for

partial summary judgment in a two-count action for breach of a written employment contract and for tortious or bad faith breach of contract.

The issue raised for review is whether the trial court erred when it determined as a matter of law that plaintiff, by his acceptance of a job prior to the meeting at which he was allegedly involuntarily terminated, effectively resigned his position with defendant Wabash Datatech and was not entitled to receive the termination benefits provided for under his employment contract.

In count I of his complaint plaintiff alleged that defendant Wabash Datatech, his former employer, breached a 1982 written employment agreement with him which provided, in pertinent part, that should plaintiff be involuntarily terminated during the next three years of his employment, Wabash Datatech would continue his full pay and benefits for a period of one year after the termination. Plaintiff further alleged that on February 6, 1984, Wabash Datatech's president, John Bourg, terminated his employment and confirmed this action in writing on February 23, 1984, and that Wabash Datatech has failed to pay such compensation. Count II of the complaint is based upon a "tortious or bad faith breach of contract" alleging wilful and wanton conduct on the part of the defendants in breaching the employment contract.

Defendants filed a third-party action against John Bourg for indemnity and contribution. The disposition of this action is unrelated to the issue raised on this appeal between plaintiff and defendants only and need not be further discussed. Following defendants' answer, plaintiff moved for partial summary judgment on the issue of whether he was in fact terminated in his employment and entitled to judgment as a matter of law.

In support of the motion, plaintiff used his affidavit and the affidavit of John Bourg previously filed in other matters before the court. In substance, Bourg's affidavit recited that, as president of Wabash Datatech, he met with plaintiff on February 6, 1984, and, following the previous counsel of senior management of Kearney-National, terminated plaintiff; that he told plaintiff that the termination benefits of his employment contract would be provided; that at the end of the meeting plaintiff told him that he had been contemplating resigning; and that plaintiff did not resign, nor did he know or suspect plaintiff was contemplating resigning. Plaintiff's affidavit similarly stated that at the February 6, 1984, meeting with Bourg he was told that his employment was terminated and that his benefits would be paid according to his employment contract. He also stated that he did not resign

his employment on that day or on any other date.

Defendants did not file a response to the plaintiff's motion, but subsequently filed their own motion for summary judgment on count I of the complaint. In support thereof, defendants filed a memorandum of law and three supporting affidavits. In a later ruling, the trial court granted plaintiff's motion to strike the three affidavits finding that they were founded on hearsay and inadmissible. No issue as to this ruling has been raised by defendants in their brief in this appeal.

On October 16, 1985, the trial judge filed a letter of opinion in which he found, *inter alia*, that no material issue of fact existed and that plaintiff was entitled to partial summary judgment as a matter of law. Apparently, defendants' motion for summary judgment was not then ruled upon, and defendants filed a motion for reconsideration. Defendants requested reconsideration on the basis of plaintiff's deposition testimony taken after the date of plaintiff's and Bourg's affidavits and that the initial ruling on plaintiff's summary judgment motion precluded proper consideration of defendants' pending summary judgment motion.

Plaintiff's deposition recited, in pertinent part, that he was contacted by an executive search firm concerning employment with The Tensar Corporation, a noncompetitor of defendants', in August 1983. Unhappy with the management turnover and turmoil within Wabash Datatech, plaintiff decided to leave Wabash Datatech. He accepted a job offer with Tensar on January 21, 1984. Plaintiff, however, informed Tensar that he could not resign his position with Wabash Datatech until he exercised his option to purchase stock from Wabash Datatech at approximately one-half the price, and that he would resign once he received his stock certificates. Although plaintiff prepared a letter of resignation which he carried with him in his briefcase, he stated that he was prepared to submit the letter only after he received his stock certificates. On February 6, Bourg initiated a closed-door meeting with plaintiff at which he asked plaintiff to begin looking for another job. Plaintiff stated that Bourg made it clear that he was being terminated. Bourg also assured plaintiff that the termination provision of his contract would be honored and confirmed this with a letter on February 23. This letter was attached to defendants' motion for summary judgment. Although he mentioned to Bourg after the meeting that he was planning to resign his position anyway, plaintiff stated he had no intention of resigning at the meeting even though he had already accepted a position with Tensar and was carrying the letter of resignation with him. He also did not show the letter of resignation to Bourg. He agreed with Bourg to stay on for a period

of time to wind up matters he had to do. Plaintiff received his stock certificates on February 9, but never informed Wabash Datatech that he would resign. He also destroyed the letter of resignation. Plaintiff continued working for Wabash Datatech at its request until February 23 although he was on Tensar's payroll beginning February 10. He received his paychecks from Wabash Datatech under the termination provision of his contract until March 1984.

Upon reconsideration, the trial judge granted defendants' motion for summary judgment on count I and, in addition, denied plaintiff's motion for partial summary judgment which he had earlier granted. The court found that the deposition testimony of plaintiff, which he had not previously considered, indicated that plaintiff's intent was governed by his actions and that by accepting the job offer from Tensar he "effectively resigned his position with defendant Wabash Datatech, Inc." In a subsequent order, the court granted defendants' summary judgment on count II of plaintiff's complaint, a count alleging a cause of action for "tortious or bad faith breach of contract," on the basis that the dismissal of count I disposes of count II as well.

Plaintiff contends that the trial court improperly found that he effectively resigned his employment with Wabash Datatech by accepting employment with Tensar. He argues that although he accepted employment with Tensar, he had no intention of resigning from Wabash Datatech until he received his stock certificates, and, in fact, never tendered his letter of resignation to anyone at Wabash Datatech and never abandoned his duties with Wabash Datatech until his termination was confirmed on February 23. Defendants first respond that the trial court correctly concluded that plaintiff's acceptance of employment with Tensar on January 21, 1984, effectively resigned his employment with Wabash Datatech. In addition, they argue that the record demonstrates that plaintiff also voluntarily resigned on both February 6 and February 23.

■ The case law in Illinois indicates that a person may explicitly resign by written or oral notice effective immediately without the necessity of an acceptance unless the resignation is conditioned upon acceptance (*Chicago ex rel. Martin-Trigona v. O'Malley* (1978), 69 Ill. 2d 474, 481, 372 N.E.2d 671 (resignation of a public officer); *Eurich v. Korean Foundation, Inc.* (1961), 31 Ill. App. 2d 474, 486, 176 N.E.2d 692 (resignation of trustee of not-for-profit corporation); see generally 18B Am. Jur. 2d *Corporations* sec. 1420 (1985); 53 Am. Jur. 2d *Master and Servant* secs. 34, 35 (1970)), or implicitly resign by the relinquishment or abandonment of his position (*Fruhling v. County of Champaign* (1981), 95 Ill. App. 3d 409, 418, 420 N.E.2d

1066 (resignation of deputy sheriff); *Patient Care Services, S.C. v. Segal* (1975), 32 Ill. App. 3d 1021, 1029, 337 N.E.2d 471 (officer of corporation actions held not to be an effective resignation)).

█ The undisputed evidence in this case reveals that plaintiff did not inform Wabash Datatech of his acceptance of the position with Tensar, nor did he tender his resignation at any time. Therefore, this case is not one where plaintiff explicitly resigned by written or oral notice. The evidence further showed that although he accepted employment with Tensar on January 21, 1984, plaintiff continued performing his job for Wabash Datatech and did not abandon or relinquish his position with Wabash Datatech until he was told to look for another job at the February 6 meeting and he received the written confirmation that defendants would honor the termination provision of his contract on February 23. There was no evidence to establish that plaintiff's acceptance of the position with Tensar on January 21, 1984, or his placement on Tensar's payroll on February 10, 1984, prevented him from performing or interfered with the completion of his duties for Wabash Datatech until February 23 when plaintiff no longer worked for Wabash Datatech. Although plaintiff was placed on Tensar's payroll on February 10 while still working for Wabash Datatech, this occurred after his involuntary termination on February 6, and he remained working for Wabash Datatech at their request to wind up his work there. We conclude, based on our examination of the evidence, that plaintiff had not effectively resigned his position with Wabash Datatech and he was still performing work for it when he was involuntarily terminated on February 6. Therefore, we determine that the trial court erred in finding that plaintiff, by accepting the job offer from Tensar, effectively resigned his position with Wabash Datatech.

Defendants also argue that even if plaintiff did not effectively resign his position with Wabash Datatech at the February 6 meeting, or by his conduct prior to or subsequent to the meeting, it is clear from the record that plaintiff's termination was not involuntary within the meaning of the employment-contract provision. They assert that the intent of the contract provision was intended to provide a source of income for plaintiff and his family in the event that he was fired while he sought other employment. Plaintiff responds that the contract provision is clear and unambiguous, is not conditioned upon his remaining unemployed for an entire year to receive the one year's salary and benefits, and cannot be modified by defendants simply because plaintiff subsequently became employed.

█ While the trial court did not rule on this argument below, the

question presented involves one of contract construction, and this court, absent an ambiguity, may ascertain the intentions of the parties and the meaning of a contract provision from the instrument itself as a matter of law. (*Lenzi v. Morkin* (1984), 103 Ill. 2d 290, 293, 469 N.E.2d 178; *Kaiser v. Olson* (1981), 105 Ill. App. 3d 1008, 1016, 435 N.E.2d 113.) We must determine the meaning of the contract provision from the words used, and a construction cannot be placed upon a contract which is contrary to the plain and obvious meaning of the language. (*Johnstowne Centre Partnership v. Chin* (1983), 99 Ill. 2d 284, 287, 458 N.E.2d 480.) Although the parties maintain two interpretations of the contract provision in question, this does not necessarily make the provision ambiguous (see *McDonald's Corp. v. Mazur* (1984), 127 Ill. App. 3d 608, 613, 469 N.E.2d 430), and we find the language to be clear and unambiguous. The provision provided that in the event plaintiff was involuntarily terminated by Wabash Datatech, the company would continue paying plaintiff's salary and benefits in full for one year. We find no merit in defendants' contention that plaintiff's intention to resign at some future date converted their involuntary termination of plaintiff's services into a "voluntary termination" removing their actions from within the contract provision. Notwithstanding the fact plaintiff intended to resign his position at some future date, Wabash Datatech's actions without the knowledge of plaintiff's plans to resign his position with the company precluded plaintiff from resigning.

We find that, based upon the uncontroverted facts in plaintiff's affidavit and Bourg's affidavit, plaintiff was involuntarily terminated and did not resign. Plaintiff's deposition testimony was consistent with these affidavits. The trial court erred by not granting partial summary judgment for plaintiff. As we noted previously, although defendants presented certain affidavits in support of its motion for summary judgment, which sought to impeach Bourg's affidavit, the affidavits were stricken by the trial judge and were not considered by him in ruling on the motions below. Defendants have not raised the correctness of this ruling in their appellate brief, and therefore, we do not consider the affidavits either. See *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9.

For the foregoing reasons, we reverse the judgment of the circuit court granting defendants' motion for summary judgment as to count I of the complaint. Additionally, we enter partial summary judgment for plaintiff on the issue that he was involuntarily terminated. Finally, as count II of the complaint was dismissed because the circuit court's granted defendant's summary judgment motion as to count I, we re-

verse the grant of summary judgment as to count II of the complaint without comment on the merits of that count. The orders of the circuit court of McHenry County are reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

NASH, P.J., and UNVERZAGT, J., concur.