RAJ P. THAKRAL *et al.*, Plaintiffs and Counterdefendants-Appellants, v. RAYMOND MATTRAN *et al.*, Defendants and Counterplaintiffs-Appellees.

Second District   No. 2—86—0601

Opinion filed June 18, 1987.

Terence J. Tyksinski, of Chicago, and Robert A. Handelsman, of Evanston, for appellants.

Joseph A. Ricely, of Bloomingdale, for appellees.

JUSTICE DUNN delivered the opinion of the court:

This appeal arises from a dispute over earnest money deposited pursuant to a real estate sales contract that failed to be consummated. After a bench trial, the court ruled that the sellers, defendants Raymond and Julia Mattran, were entitled to the earnest money. We affirm.

On August 13, 1985, plaintiffs, Raj and Sudha Thakral, entered into a contract with defendants to purchase a two-flat building in Lombard for $131,000. Plaintiffs deposited $5,000 in earnest money with the listing broker. The financing condition clause of the contract provided in pertinent part as follows:

> "This contract is subject to the condition that on or before *Sept. 30, 1985*, the Buyer shall secure, or there shall be made available to the Buyer, a written commitment for a loan to be secured by a mortgage or trust deed on the property in the amount of $119,000, or such lesser sum as Buyer accepts, with initial interest not to exceed *11.5%* per annum, said loan to be amortized over a period of *30* years with a loan service charge not to exceed *4%*, \*\*\*. (If the loan is to be other than a variable-rate mortgage, fill in the blank space immediately following, stating the type of loan to be acquired: *F.H.A. 203 K Fixed*

*Rate*) If after the Buyer has submitted a true loan application and otherwise made every reasonable effort to procure a loan commitment from any source made available to him and has been unable to do so, and after serving written notice thereof upon the Seller or his agent within the time specified herein for securing such commitment, then this Contract shall become null and void, and all monies paid by the Buyer hereunder shall be refunded; \*\*\*. IN THE EVENT THE BUYER DOES NOT SERVE NOTICE OF FAILURE TO PROCURE SAID LOAN COMMITMENT UPON SELLER AS HEREIN PROVIDED, THEN THIS CONTRACT SHALL CONTINUE IN FULL FORCE AND EFFECT WITHOUT ANY LOAN CONTINGENCIES."

On November 1, 1985, plaintiffs filed a complaint alleging that defendants had breached the contract by refusing to return the earnest money after being notified that plaintiffs were unable to secure financing. Defendants responded that plaintiffs were not entitled to the earnest money because plaintiffs had failed to make every reasonable effort to obtain a mortgage and, alternatively, had failed to provide timely written notice of their inability to obtain a loan commitment. The parties agreed to file a written stipulation of facts and proceed to a hearing thereon after which judgment would be entered. On April 30, 1986, the parties presented a written "Stipulation of Facts" to the court. The following provisions are pertinent to the disposition of this appeal:

"4. On September 4, 1985, MATTRANS learned that THAKRALS had not yet made a mortgage application. MATTRANS' Attorney mailed to THAKRALS' Attorney a letter (advising plaintiffs that defendants intended to enforce the terms of the contract if plaintiffs failed to make a loan application as provided in the contract).

5. On or about September 7, 1985, THAKRALS applied for a conventional 12% loan with Hinsdale Federal Savings and Loan Association.

6. By September 30, 1985, THAKRALS' financing had not been approved, and THAKRALS caused to be delivered to MATTRANS a signed request for extension of the time to obtain loan commitment. MATTRANS agreed to said request by signing the extension on September 30, 1985, extending the time for obtaining a loan commitment to October 7, 1985.

7. On October 7, 1985, THAKRALS' Attorney telephoned MATTRANS' Attorney and advised him that a loan commit-

ment had been issued by Hinsdale Federal, but that said commitment did not meet the terms of the Contract because it required THAKRALS to verify the sale of their present home. MATTRANS' Attorney stated that he was not sure whether such a commitment would entitle THAKRALS to terminate the Contract, but that, in any event, October 7 was the day by which written notice must be given to MATTRANS.

8. On October 7, 1985, THAKRALS' Attorney prepared and mailed a (confirming) letter dated October 7, 1985, (which) was received by MATTRANS' Attorney on October 8, 1985.

\* \* \*

13. THAKRAL would testify that he telephoned various lending institutions and that 11.5% loans for $119,000 were not available, including Hinsdale Federal.

14. F.H.A. 203 K Fixed rate loans of 11.5% with 4 points service charge were available at the time THAKRAL applied for his loan, according to a witness which would be presented by the MATTRANS."

The court order entered on April 30 stated in pertinent part:

"This matter coming to be heard for trial on a written stipulation of facts, the parties presenting same to the court and the court being otherwise fully advised;

IT IS HEREBY ORDERED THAT:

1. Plaintiff-Counterdefendant shall submit, within 7 days, his written final argument.

2. Defendant-Counterplaintiff shall submit, within seven days thereafter, his written final argument.

3. This matter is set for ruling on May 29, 1986 \*\*\*."

Pursuant to the court order of April 30, plaintiffs filed their written argument. Plaintiffs' argument relied in part on an attached affidavit by Raj Thakral which stated that Thakral had contacted Royal Mortgage Company concerning a mortgage on the terms provided in the contract. The affidavit further stated that Thakral was advised that $90,000 was the maximum amount available from the F.H.A. for a two-flat structure. In their responding written argument, defendants argued, *inter alia*, that the affidavit of Raj Thakral should be stricken because new factual matters cannot be raised in final argument. On May 29, the court entered judgment for the defendants on the basis that plaintiffs had failed to comply with the terms of the contract. During the hearing on plaintiffs' post-trial motion and defendants' response thereto, the court indicated that it did not consider the affidavit in ruling. The record is unclear as to whether the court granted

defendants' request to strike the affidavit.

On appeal, plaintiffs argue that they exercised reasonable efforts in trying to obtain a mortgage commitment; they provided sufficient notice to the defendants of their inability to obtain financing; and the affidavit of Raj Thakral was properly submitted as a supplement to the parties' stipulation of facts. Defendants responded to the first two arguments in their brief and the third argument in a "Motion to Strike Affidavit" filed simultaneously with their brief. The motion to strike was ordered taken with the case.

■ Addressing the defendants' motion to strike affidavit first, we determine that the trial court was correct in not considering the affidavit of Raj Thakral in reaching its decision. It is axiomatic that closing arguments of counsel must be confined to those matters that are in evidence or admitted and uncontroverted. (*Foerster v. Illinois Bell Telephone Co.* (1974), 20 Ill. App. 3d 656, 663, 315 N.E.2d 63.) Counsel is not permitted to supply new facts during closing argument. (*Leonard v. Pitstick Dairy Lake & Park, Inc.* (1984), 124 Ill. App. 3d 580, 588, 464 N.E.2d 644; *Flynn v. Cusentino* (1978), 59 Ill. App. 3d 262, 267, 375 N.E.2d 433.) In the present case, the parties stipulated to the evidence to be presented to the trial court. After the filing of the written stipulations of fact, the court ordered the submission of written final arguments prior to rendering judgment. Under these circumstances, plaintiffs' conduct in attaching an affidavit containing new evidence to their written final argument and relying on the affidavit in trying to persuade the court was clearly improper.

Plaintiffs' contention that the disposition below was the result of cross-motions for summary judgment thereby permitting the court to consider the affidavit is patently without merit. There are no pleadings in the record referring to summary judgment. To the contrary, the record is replete with references to a trial on the stipulated facts. Moreover, the proceedings, albeit in writing, were conducted consistent with a typical trial — evidence was introduced, arguments were presented and judgment was entered. Plaintiffs' argument to the contrary is unsupported by any authority and need not be addressed any further.

Finally, we note parenthetically that the affidavit did not indicate when plaintiffs inquired about the availability of an F.H.A. loan, which further justifies the court's decision not to consider the affidavit in reaching its decision.

Having determined that the trial court correctly refused to consider the affidavit submitted by plaintiffs, we proceed to a review of the trial court's ruling on the stipulated facts presented by the par-

ties. Because we find that plaintiffs failed to comply with the notice requirements of the contract, we need not decide whether plaintiffs exercised reasonable efforts in attempting to obtain financing.

At issue is whether the notice provided by plaintiffs sufficiently complied with the terms of the contract. Plaintiffs contend that the term "serving written notice" should receive a practical rather than a technical construction, and therefore the notice provided by plaintiffs was adequate. In support of this position, plaintiffs rely on several cases addressing statutory notice provisions. Alternatively, plaintiffs assert that written notice should be considered received upon mailing, relying on cases addressing the timely filing of notices of appeal and post-trial motions. Defendants respond that the language of the contract clearly indicates that written notice must be received by the seller within the time specified, and the plaintiffs failed to satisfy this requirement. As evidence of the parties' intent, defendants point to plaintiffs' conduct in requesting an extension of time to obtain financing.

■■ ■ Where terms of a contract are clear and unambiguous, they will be given their natural and ordinary meanings. (*Berutti v. Dierks Foods, Inc.* (1986), 145 Ill. App. 3d 931, 934, 496 N.E.2d 350.) An ambiguity does not arise merely because words in a contract may be subject to possible dual interpretations or constructions by the parties. (*Kurti v. Fox Valley Radiologists, Ltd.* (1984), 124 Ill. App. 3d 933, 941, 464 N.E.2d 1219.) In the absence of an ambiguity, the intentions of the parties regarding the meaning of the terms of a contract must be ascertained from the instrument itself (*Lenzi v. Morkin* (1984), 103 Ill. 2d 290, 293, 469 N.E.2d 178), and a construction cannot be placed upon a contract which is contrary to the plain and obvious meaning of the language used. *Tate v. Wabash Datatech, Inc.* (1986), 147 Ill. App. 3d 230, 236, 497 N.E.2d 1342.

■ In the present case, the contract clearly and unambiguously states that buyer must serve written notice of his failure to obtain financing on the seller within the time specified in order to be entitled to a refund of the earnest money. Absent proper notice, the contract remains in full force and effect without any loan contingencies. It has been recognized, and we agree, that, absent contrary language in the contract, proper service of notice implies receipt thereof. (See *Cutler v. Leader Cleaners, Inc.* (1957), 12 Ill. App. 2d 439, 445, 139 N.E.2d 832 ("[i]n legal contemplation of the term, a statement that defendant was 'served' with notice means that he 'received' it").) Here, the sellers did not receive notice of buyers' failure to obtain financing until the day after the time specified for securing a loan commitment.

Neither the oral notice provided by the buyers' attorney to sellers' attorney nor the written notice mailed within the time specified has any significance since the contract became binding in the absence of the receipt of written notification. (See *Djomlija v. Urban* (1982), 107 Ill. App. 3d 960, 964, 438 N.E.2d 558.) Two concrete indications that the parties contemplated precisely what the contract provided are: (1) the sellers' attorney's statement to buyers' attorney, during the telephone conversation in which buyers' attorney indicated that adequate financing had not been obtained, that written notice of such failure must be given to sellers as provided by the contract; and (2) the buyers' prior timely delivery to sellers of a request for an extension of time to obtain a loan commitment.

The cases relied on by plaintiffs are inapposite. The statutory notice cases address the form and content of otherwise timely written notices. (See, *e.g.*, *Gage v. The People ex rel. Hanberg* (1906), 223 Ill. 410, 79 N.E. 158; *Estate of Krakow v. Department of Revenue* (1981), 92 Ill. App. 3d 844, 416 N.E.2d 362; *Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909, 346 N.E.2d 72.) The cases concerning the timely filing of post-trial motions and notices of appeal are predicated on statutes or supreme court rules providing that a document is considered filed as of the date of mailing. (See, *e.g.*, *A. S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 450 N.E.2d 1356; *Holesinger v. Dubuque Feeder Pig Co.* (1982), 104 Ill. App. 3d 39, 432 N.E.2d 645.) There is no such provision within the copy of the contract contained in the record on appeal and therefore no basis for finding that plaintiffs' timely mailing of the notice required by the financing condition clause was sufficient to comply with the terms of the contract.

■ However, we note parenthetically that defendants' brief included a reference to a provision in the contract outlining the requirements for serving notice which was apparently located on the back side of the contract although, curiously, not included in the record on appeal. The clause provided:

> "All notices required to be given under this contract shall be construed to mean notice in writing signed by or on behalf of the party giving the same, and the same may be served upon the other party or his agent personally or by certified or registered mail, return receipt requested, to the parties at the address set forth herein."

There is nothing in the record indicating that the written notice sent by plaintiffs was by certified or registered mail or that a return receipt was requested. If the contract's notice requirement provision did

not demand a return receipt by the addressee and plaintiffs had sent notice by certified or registered mail within the time specified, we might well be inclined to find that proper notice was served. (See *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 69, 422 N.E.2d 236; *Sjostrom & Sons, Inc. v. D. & E. Mall Restaurant, Inc.* (1975), 29 Ill. App. 3d 1082, 1083-84, 332 N.E.2d 62.) Such is not the case here, however, and where a return receipt requested is contained in a statutory notice provision our supreme court has recognized that notice is not considered complete until received by the addressee. *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 8-9, 370 N.E.2d 504.

In sum, plaintiffs have failed to cite any authority, and we have found none, for the proposition that serving notice pursuant to a provision in a contract need not be in compliance with the plain and ordinary meaning of the language used. We decline to establish such a proposition in this case.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and NASH, JJ., concur.