FRED ZITO et al., Plaintiffs-Appellees, v. PAULA GUTTILLA, Defendant-Appellant (DeMoon Realty, Defendant).

First District (5th Division)    No. 88—1046

Opinion filed November 28, 1988.

Dominick P. Dolci, of Oakbrook Terrace, for appellant.

Leonard E. Blum, of Chicago, for appellees.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This appeal arises out of rulings in favor of plaintiffs, purchasers, on cross-motions for summary judgment, in an action for return of earnest money deposit on a real estate contract. The single issue presented is whether the trial court correctly ruled that the mailing of a certified letter to defendant seller, advising of plaintiffs' inability to secure a mortgage commitment on the 60th day after execution of the contract for sale, constituted timely notice of such condition releasing plaintiffs from their contractual obligation to purchase.

We affirm.

The following facts are pertinent to this appeal.

Pursuant to a standard form real estate contract dated September 21, 1987, plaintiffs, Fred and Rachele Zito, agreed to purchase premises owned by defendant, Paula Guttilla, at 1646 N. 18th Avenue in Melrose Park, Illinois. In accordance with the contract's provisions, plaintiffs deposited $15,000 in earnest money with defendant DeMoon Realty. The contract was conditioned both on plaintiffs' ability to procure a mortgage commitment for the purchase of the property, as well as plaintiffs' ability to secure a contract for the sale of their, then, present residence. Under the failure of either of those conditions, plaintiffs would be released from their contractual obligation with refund of their earnest money deposit so long as plaintiffs "served notice [to] defendant within the time specified." Pertinent to proper notice, the contract provided, in paragraph P:

> "All notices herein required shall be in writing and shall be served on the parties at the address following their signatures. The mailing of a notice by registered or certified mail, return receipt requested, shall be sufficient service." .

Plaintiffs' attempts to sell their current residence were unsuccessful and plaintiffs were unable to procure a mortgage commitment. In a letter dated November 20, 1987, plaintiffs sought to notify defendant of their inability to satisfy the contract's terms. The receipt for the certified mailing of that letter bears a postal stamp indicating that the letter was mailed on November 21, 1987, the 60th day following the

date of the contract's execution. Defendant received the letter three days later. However, plaintiffs were not refunded their earnest money deposit.

On December 18, 1987, plaintiffs filed a complaint against defendants Guttilla and DeMoon Realty for declaratory, injunctive, and other relief in an effort to recover the earnest money deposit. An appearance was filed by defendant Guttilla and, on January 11, 1988, defendant moved for summary judgment on the basis that receipt of the letter on the 63rd day after execution of the contract constituted invalid notice. On January 29, 1988, plaintiffs filed a cross-motion for summary judgment, attaching the affidavit of plaintiff, Fred Zito, attesting to the dates of the events set forth above.

On March 8, 1988, following a hearing on both motions, the trial court granted plaintiffs' motion for summary judgment, denied defendant's motion, and ordered defendant DeMoon Realty to return to plaintiffs their earnest money deposit. This appeal followed.

OPINION

On appeal, defendant Guttilla asserts that the trial court, in applying the language of paragraph P of the contract, failed to properly distinguish between a provision providing that notice will be sufficient by certified or registered mail and a provision that notice shall be sufficient by registered or certified mail, return receipt requested. Defendant contends that the language "return receipt requested" as included in paragraph P is interpreted in Illinois to mean that notice must actually be received to be effective. In support, defendant cites *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 370 N.E.2d 504, and *Thakral v. Mattran* (1987), 156 Ill. App. 3d 849, 509 N.E.2d 772.

*Avdich* involved a forcible entry and detainer action instituted against a lessee in default of rent payment. Instead of relying on a waiver of notice provision contained in the lease as means to terminate the tenancy, lessor elected to regain possession pursuant to statute by serving a five-day notice of termination of lessee's right to possession. Although notice was sent by certified mail, lessor did not obtain a returned receipt of delivery as required under section 10 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 80, par. 10 (repealed July 1, 1982) (now Ill. Rev. Stat. 1987, ch. 110, par. 9—211)). Following a bench trial, judgment was entered in favor of lessor. On subsequent appeal before the Illinois Supreme Court, reversal of the trial court's judgment was affirmed. Relevant here, the court observed that the Forcible Entry and Detainer Act, as a special summary proceeding, demanded strict adherence to statutory requirements for establishing

jurisdiction. (*Avdich*, 69 Ill. 2d at 6, 370 N.E.2d at 507.) The court noted the Act specifically required a returned receipt from the addressee for the apparent purpose of facilitating proof of service on the tenant. (*Avdich*, 69 Ill. 2d at 9, 370 N.E.2d at 508.) The court interpreted the inclusion of that requirement under section 10 as indicative of legislative intent that service not be considered complete until received by the addressee. (*Avdich*, 69 Ill. 2d at 9, 370 N.E.2d at 508.) Thus, because lessor failed to complete service as required by statute, the underlying forcible entry and detainer action was premature. *Avdich*, 69 Ill. 2d at 6, 370 N.E.2d at 507.

Defendant's reliance on *Avdich* is misplaced. The instant case is decidedly distinct from that in which a returned receipt is a statutorily mandated requisite for establishing jurisdiction in an action. We therefore decline to apply the holding in *Avdich* to the facts in the instant matter.

*Thakral* presents a more factually analogous situation. In that case, plaintiffs, on August 13, 1985, entered into a contract to purchase premises owned by defendants. Originally, the contract was subject to the condition that plaintiffs secure a mortgage commitment on or before September 30, 1985. Defendants, however, agreed to an extension of that period until October 7, 1985. The contract contained a provision substantively identical to that in the instant matter, releasing plaintiffs from their contractual obligation upon failure to obtain a mortgage commitment provided plaintiffs timely notified defendants in writing. On October 7, 1985, the deadline for obtaining a commitment, plaintiffs mailed defendants a letter advising defendants of plaintiffs' inability to obtain a suitable loan commitment. The letter was received by defendants' attorney the following day. The trial court ruled that plaintiffs' notice failed to comply with the terms of the contract. That judgment was affirmed on appeal. In so ruling the appellate court pointed to two "concrete indications" that the parties contemplated the contract would become binding absent receipt of written notice on October 7, 1985: (1) defendants' attorney's statement to plaintiffs' attorney in a telephone conversation on October 7, 1985, in which plaintiffs' attorney indicated that plaintiffs had not obtained adequate financing, that written notice of such failure must be given to sellers as provided in the contract; and (2) the plaintiffs' prior timely delivery to defendants, on September 30, 1985, the original deadline for obtaining a commitment, of a request for an extension of that date. *Thakral*, 156 Ill. App. 3d at 855, 509 N.E.2d at 775.

The court also noted, parenthetically, that the contract provided the following clause, with reference to notice:

"All notices required to be given under this contract shall be construed to mean notice in writing signed by or on behalf of the party giving the same, and the same may be served upon the other party or his agent personally or by certified or registered mail, return receipt requested, to the parties at the address set forth herein." (*Thakral,* 156 Ill. App. 3d at 855, 509 N.E.2d at 776.)

In *dicta,* the court reasoned that if the notice requirement did not demand a return receipt by the addressee, and plaintiffs had sent notice by certified or registered mail within the time specified, the court might have been inclined to find valid notice. *Thakral,* 156 Ill. App. 3d at 855-56, 509 N.E.2d at 776.

Defendants, in the instant appeal, have seized upon that logic as a basis to contend that, conversely, inclusion of the words "return receipt requested" somehow transforms the notice provision in the contract here to require actual receipt.

We are not persuaded that *Thakral* controls the disposition of this appeal. First, we are not presented with evidence in the record, apart from the language of the contract's notice provision itself, as was the court in *Thakral,* indicating the parties contemplated that the contract would become effective absent actual receipt of notice on or before the deadline for obtaining a loan commitment. Second, we decline here to apply the converse of what the *Thakral* court, in *dicta,* suggests would be its decision any time the term "return receipt requested" appears in a contract's notice provision as we find the provision in the instant contract distinguishable from the provision there.

Here, the contract provides that "the *mailing* of a notice by registered or certified mail" shall constitute sufficient service. As we must endeavor to accord plain meaning to terms contained in a contract (*First National Bank v. Mid-States Engineering & Sales, Inc.* (1981), 103 Ill. App. 3d 572, 431 N.E.2d 1052), we cannot ignore that the instant contract specifically permits that mailing may constitute sufficient service. We fail to see how, in light of the common usage of that word, the additional language "return receipt requested" in the notice provision of the instant contract does anything other than indicate the type of mailing which is acceptable.

We therefore affirm the decision of the circuit court.

Affirmed.

PINCHAM and MURRAY, JJ., concur.