EARL H. MYERS *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. POPP ENTERPRISES, INC., Defendant-Appellant and Cross-Appellee.

Second District   No. 2—90—1188

Opinion filed July 23, 1991.

Joseph R. Voiland, of Law Offices of Joseph R. Voiland, of Aurora, for appellant.

Joseph P. Sauber of Shearer, Blood, Agrella, Boose, McGuirk & Peterson, of St. Charles, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Popp Enterprises, Inc., appeals from an order of the circuit court of Kane County which entered judgment on behalf of plaintiffs, Earl H. Myers and Barbara S. Myers. The issue raised by defendant on appeal is whether the trial court erred in finding that plaintiffs were entitled to the return of their earnest money where they did not comply with the notice provision of the real estate contract entered into by the parties. Plaintiffs have cross-appealed from that portion of the trial court's order which denied their motion for attorney fees. We affirm the trial court's order, except as to the denial of plaintiff's motion for attorney fees, for which we remand the case for a hearing on that sole issue.

On September 7, 1989, the parties entered into a contract whereby plaintiffs agreed to purchase a residence from defendant for the purchase price of $236,000. The contract itself was a standard four-page real estate form contract, with the specific terms of this contract typed in. Plaintiffs paid $5,000 as earnest money, and

the closing was set for October 15, 1989. Paragraph 33 of the contract provided that the sale was contingent upon plaintiffs' closing the sale of plaintiffs' home on or before October 16, 1989. The clause also stated:

> "If Buyer is unable to close the sale of Buyer's home by the date specified herein and so notifies Seller thereof on or before said date in writing, THIS CONTRACT SHALL TERMINATE AND BE OF NO FURTHER FORCE AND EFFECT AND THE EARNEST MONEY SHALL BE REFUNDED TO BUYER. IF BUYER FAILS TO NOTIFY SELLER WITHIN THE TIME SPECIFIED HEREIN, IT SHALL BE CONCLUSIVELY PRESUMED THAT BUYER WILL CLOSE ON THE SALE OF HIS HOME OR WILL PURCHASE THE REAL ESTATE WITHOUT THE SALE OF HIS HOME."

Paragraph 9 of the contract stated, in pertinent part:

> "All notices required pursuant to this Contract shall be in writing and signed by Seller or Buyer or their attorney or agent and shall be given by: (a) certified or registered mail, return receipt requested, and sent to the Parties at the addresses recited herein, which notice shall be effective on the date of post mark in the U.S. mail or (b) personally served on the Seller or Buyer, and a receipt obtained with the date and time of service, which notice shall be effective upon the date of receipt, or (c) personal service upon Seller or Buyer, in accordance with the Civil Practice Act of the State of Illinois."

The contract also named Bonnie Siems of Realty World-Hullmark and Sharon Weis of Baird and Warner, Inc., as brokers in this transaction and stated: "[T]he brokers are the agents of Seller and as such are to be compensated by Seller."

On November 7, 1989, plaintiffs filed their complaint seeking the return of their $5,000 earnest money plus costs of suit. They alleged that they timely notified defendant that they did not sell their home, thereby entitling them to the return of the earnest money pursuant to the contingency clause contained in paragraph 33 of the contract.

Defendant filed an answer to the complaint and an affirmative defense which stated that plaintiffs were not entitled to the return of the earnest money because they failed to give notice in accordance with paragraph 9 of the contract. Plaintiffs filed a reply denying that allegation in defendant's affirmative defense and subsequently were granted leave to file an amended complaint which included a request for attorney fees.

At trial Earl Myers testified that during October 1989 he resided in Los Angeles, California. On October 13, 1989, he sent a copy of the contract termination notice to Baird and Warner by fax machine. On the same date, he mailed the original document to Baird and Warner by Federal Express. The notice, which was admitted into evidence at trial, was dated October 10, 1989, and stated:

> "This constitutes Buyer's notice to Seller that Buyer has been unable to close the sale of Buyer's home within the time specified pursuant to Paragraph 33 of the above referenced Residential Real Estate Contract. THE CONTRACT SHALL TERMINATE AND BE OF NO FURTHER FORCE AND EFFECT."

The notice was signed by Earl Myers, for himself and for Barbara Myers. The bottom portion of the form contained a space for the Seller's signature acknowledging receipt. This portion of the form was not completed.

Bonnie Siems testified that she was employed by Realty World-Hullmark. On October 13, 1989, John Holt of Baird and Warner, Geneva, Illinois, delivered a faxed copy of the notice to her. The same day, she personally delivered the notice to John Popp, Jr. She received the original notice on October 16, 1989. This original notice was marked "void" and placed in her file.

John Popp, Jr., testified that he was vice-president of Popp Enterprises, Inc. He testified that the faxed copy of the notice was left at his office with the receptionist. He testified that he did not see it until 5 to 10 days after October 13, 1989. He stated that he then contacted Bonnie Siems to advise her that he expected plaintiffs to comply with the terms of the contract. John Popp, Sr., testified that he never saw the notice.

The parties stipulated that they entered into the contract; that a notice was not sent to defendant by certified or registered mail; and that plaintiffs did not obtain from defendant a signed receipt with the time and date of service of the notice.

The trial court took the matter under advisement and later entered judgment for defendant. Plaintiffs then filed a motion for findings. The court entered an order stating that it found that Siems gave John Popp, Jr., a faxed copy of the "notice to terminate contract" on October 13, 1989, but neither requested nor received seller's signature on the notice; that, per stipulation of the parties, notice was not served by certified mail; and that plaintiffs did not comply with paragraph 9(c) of the contract.

Plaintiffs filed a post-trial motion on June 6, 1989. They argued that, as the trial court found that Siems served Popp with timely notice, they complied with paragraph 9(c) of the contract. Defendant replied to the motion, arguing that plaintiffs did not serve defendant in accordance with paragraphs 9(a), 9(b) or 9(c) of the contract. Defendant maintained that paragraph 9(c) required that the notice be served by a sheriff, a private detective or a private person appointed by the court, apparently relying on section 2—202(a) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—202(a)). Citing *Thakral v. Mattran* (1987), 156 Ill. App. 3d 849, defendant argued that plaintiffs' service of notice was not in compliance with the clear and unambiguous notice requirements in the contract and was not valid.

The court, on September 10, 1990, sent a letter decision to the parties. The court noted that the parties stipulated at trial that notice was not given by the method set out in either paragraph 9(a) or paragraph 9(b) of the contract. The court then stated that it had reconsidered its finding that notice also was not given by the method prescribed in paragraph 9(c). It found that the meaning of this provision was ambiguous and unclear and that defendant could not reasonably rely on its proposed construction of paragraph 9(c) to provide the basis for a forfeiture of the earnest money. The court further found, therefore, that, under paragraph 33, the contract terminated on October 13, 1989, when defendant received notification in writing that plaintiffs were unable to close on the sale of their home. The court then determined that plaintiffs were entitled to the return of the earnest money and granted plaintiffs' post-trial motion. It requested that plaintiffs' attorney draft an appropriate order.

On September 27, 1990, plaintiffs filed a motion for attorney fees, relying on paragraph 15 of the real estate contract. They requested an order granting them attorney fees and setting the matter for a hearing with respect to the fees. An order was entered on September 27, 1990, which entered judgment in favor of plaintiffs in the amount of $5,000 plus costs of $88. The order also stated that plaintiffs' motion for attorney fees was denied.

Defendant filed a timely notice of appeal, and plaintiffs have cross-appealed seeking reversal of the order denying their motion for attorney fees.

Defendant argues on appeal that the trial court erred in determining that defendant was served in accordance with paragraph 9(c) of the contract. It contends that paragraph 9(c) is clear and un-

ambiguous and that, in order for service to have been made according to the "Civil Practice Act" (now the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 1—101 *et seq*.)), the service had to meet the following requirements: (1) pursuant to section 2—202(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—202(a)), notice had to be served by a sheriff, a private detective, or a private person not a party to the action who was appointed by the court; and (2) pursuant to section 2—203(b) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—203(b)), a certificate or affidavit of service identifying the person upon whom notice was served and stating the time, date and place of service had to be prepared.

While conceding that compliance with these requirements may have been difficult if not impossible, defendant asserts that the requirements were not met because Siems was not appointed by the court, was a party to the action and did not complete a certificate of service. Defendant does not explain why Siems was a party to the action, but is presumably relying on the language in the contract which states that she was an agent of defendant. Defendant argues that since plaintiffs failed to comply with the notice requirements pursuant to paragraph 33 of the contract, and thereafter failed to purchase the real estate from defendant, plaintiffs forfeited their $5,000 earnest money paid to defendant. We disagree.

■ We premise our analysis by noting, as did the trial judge in her letter opinion of September 10, that, as a general rule, courts do not look upon contract forfeitures with favor. (*Jones v. Seiwert* (1987), 164 Ill. App. 3d 954, 957.) In construing similar provisions in a real estate contract, this court has held that a provision which results in forfeiture must be strictly construed against the party seeking to enforce it. (*Barnes v. Brown* (1990), 193 Ill. App. 3d 604, 612.) A party seeking to enforce a forfeiture provision must prove that the right to forfeiture clearly and unequivocally exists and that the exercise of the right will cause no injustice. *Jones*, 164 Ill. App. 3d at 957.

■ ■ Also, the construction of a written contract should be controlled by its spirit and purpose, and a court should not adopt a strict construction which renders a result different from that which the parties intended. (*Dato v. Mascarello* (1989), 197 Ill. App. 3d 847, 851.) Whether an ambiguity exists in a contract is to be determined by the trial court as a question of law, and, where the court determines that an ambiguity exists, its subsequent construction of the contract will not be disturbed on review unless it is contrary to the manifest weight of the evidence. *Dato*, 197 Ill. App. 3d at 851.

We conclude that defendant failed to prove its right to a forfeiture. Paragraph 9 of the contract provided three methods for giving notices required by the contract. The method at issue here, contained in subparagraph (c), states that notice shall be given by "personal service upon Seller or Buyer, in accordance with the Civil Practice Act of the State of Illinois." The trial court found paragraph 9(c) of the contract ambiguous and thus construed it to mean that personal service of a written notice was sufficient. As the court found that Siems did serve John Popp, Jr., with notice prior to the deadline in the contract, it determined that plaintiffs complied with the requirements of the agreement and were entitled to the return of their earnest money. We see no reason to disturb that determination on review.

■■ ■ We initially note that the Civil Practice Act was replaced by the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 1—101 *et seq.*), effective July 1, 1982. The Code provides that article II of the Code may be referred to as the Civil Practice Law. (Ill. Rev. Stat. 1989, ch. 110, par. 1—101(b).) Paragraph 9(c) of the form contract can only be considered ambiguous and unclear as it required compliance with a statute that applies only to matters filed in the Illinois court system and not to giving notice in noncourt, private contractual situations. In fact, defendant concedes in its brief that "compliance with the provisions of service as set forth in the Civil Practice Act may be difficult if not impossible to meet by the contracting parties." It is difficult to determine, from a plain reading of the provision, what was required beyond personal service. We therefore agree with the trial court's determination that the personal service accomplished by Siems was adequate to comply with the requirements of paragraph 9(c). This construction of the provision is consistent with the spirit and purpose of the contract. The purpose of the contract provisions at issue was to assure that defendant received written notice before a specified time that plaintiffs were unable to close on the sale of their home and would not be able to complete the purchase of the real estate from defendant. The object of notice is to inform the party notified (*Vole, Inc. v. Georgacopoulos* (1989), 181 Ill. App. 3d 1012, 1019), and that was accomplished here.

Defendant's reliance on *Thakral v. Mattran* (1987), 156 Ill. App. 3d 849, is therefore misplaced. In *Thakral*, we held that service of a notice pursuant to a provision in a contract must be in compliance with the plain and ordinary meaning of the language

used. (*Thakral*, 156 Ill. App. 3d at 856.) There is no "plain and ordinary" meaning of the notice provision in this case.

We further note that, even if the provision was read to require compliance with the requirements of the Code of Civil Procedure, plaintiffs' service on defendant did so comply. While the Code does contain the requirements noted by defendant for service of *process* (see Ill. Rev. Stat. 1989, ch. 110, pars. 2—202(a), 2—203(b)), service of *notice*, as opposed to process, may be done by anyone without a court order. *In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 94.

■ The trial court therefore correctly determined that defendant received notice prior to the date specified in paragraph 33 of the contract, that the contract was terminated, and that the earnest money should be refunded to plaintiffs. The trial court properly entered judgment in favor of plaintiffs.

In their cross-appeal, plaintiffs argue that the trial court erred in denying their motion for attorney fees without a hearing. They contend that there was no basis for the trial court to ignore the provision of the contract providing that if suit is brought, the non-prevailing party shall pay all reasonable attorney fees incurred by the prevailing party. We agree.

Paragraph 15 of the contract provided, in pertinent part, that "the non-prevailing Party shall pay all reasonable attorney fees and costs incurred by the prevailing Party in enforcing the terms and provisions of this Contract, including forfeiture or specific performance or any other remedy, or in defending any proceeding to which Buyer or Seller is made a party as a result of any act or omission of the other Party." Plaintiffs maintain that, as they were forced to sue to obtain the refund of their earnest money and prevailed in the trial court, they were entitled to recover their attorney fees. They ask that this matter be remanded for a hearing regarding their attorney fees.

Defendant has not argued that plaintiffs are not entitled to fees under the terms of the contract. Instead, it contends that the trial court's ruling regarding attorney fees should be affirmed because: (1) plaintiffs failed to include in the record a report of proceedings of the hearing on plaintiffs' motion for attorney fees, and that this court should therefore presume that the missing matter supports the trial court's decision and affirm on that basis; and (2) plaintiffs failed to introduce any evidence at the time of trial in support of their request for attorney fees and did not ask for attorney fees until several months after trial. We conclude that neither of defendant's arguments has merit.

■■ ■ The general rule is that an unsuccessful party in a lawsuit is not responsible for the payment of the other party's attorney fees. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488; *Exchange National Bank v. Sampson* (1989), 186 Ill. App. 3d 969, 973.) However, provisions in contracts for awards of attorney fees are an exception to this rule. (*Abdul-Karim v. First Federal Savings & Loan Association* (1984), 101 Ill. 2d 400, 411-12.) In this case, the contract provided that the prevailing party is entitled to all reasonable attorney fees incurred in enforcing the terms and provisions of the contract. Plaintiffs were ultimately the prevailing parties in the trial court, and, under the terms of the contract, defendant was obligated to reimburse plaintiffs for the attorney fees they incurred, to the extent that the fees were reasonable. (See *Computer Sales Corp. v. Rousonelos Farms, Inc.* (1989), 190 Ill. App. 3d 388, 393.) As attorney fees were specifically authorized by the contract, it was error for the trial court to fail to provide for them. (*Amoco Realty Co. v. Montalbano* (1985), 133 Ill. App. 3d 327, 335; see also *Shipka v. Inserra* (1991), 211 Ill. App. 3d 735, 737-38; *Hadley Gear Manufacturing Co. v. Zmigrocki* (1986), 152 Ill. App. 3d 358, 360.) Because we have concluded that the trial court erred in denying plaintiffs' motion for attorney fees which requested a hearing regarding the amount of the fees incurred, the plaintiffs' failure to include in the record the basis for the trial court's ruling is immaterial.

■■ Further, defendant's argument that plaintiffs were properly denied an award of fees because they did not request fees until several months after trial and presented no evidence at trial in support of their request for attorney fees must also fail. Plaintiffs' amended complaint, filed prior to trial, did include a request for attorney fees. Also, plaintiffs promptly filed their motion for attorney fees after they received the trial court's September 10, 1989, letter which stated that their post-trial motion would be granted. This was the earliest time that plaintiffs could be considered the prevailing parties. We also note that the motion for attorney fees was filed the same day as the order which entered judgment in their favor.

The case of *Touchdown Sportswear, Inc. v. Hickory Point Mall Co.* (1987), 165 Ill. App. 3d 72, is instructive on this point. The court in *Touchdown Sportswear* noted that a trial court must determine who is the "prevailing party" before it can concern itself with the issue of attorney fees due under the terms of a contract. The court then held that, where fees were pleaded and were an entitlement to the prevailing party, a petition for attorney fees filed within 30 days of the judgment was timely. (*Touchdown Sportswear,*

165 Ill. App. 3d at 74-75.) Plaintiffs' motion, filed the day judgment was entered, was sufficient to preserve the issue of attorney fees. We note that plaintiffs must, on remand, prove that the fees incurred were reasonable. See *Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 1064-65; *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 983-84.

For the foregoing reasons, we affirm that portion of the trial court's order which entered judgment in favor of plaintiffs in the amount of $5,000 plus costs of $88 and reverse that portion of the order which denied plaintiffs' motion for attorney fees. The cause is remanded for a determination and judgment as to the amount of reasonable attorney fees incurred by plaintiffs.

Affirmed in part; reversed in part and remanded.

BOWMAN and GEIGER, JJ., concur.